1   PATRICIA K. GILLETTE (STATE BAR NO. 74461)
    pgillette@orrick.com
2   ANDREW R. LIVINGSTON (STATE BAR NO. 148646)
    alivingston@orrick.com
3   KARA B. DAY (STATE BAR NO. 239045)
    aday@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:     +1-415-773-5700
    Facsimile:     +1-415-773-5759
7                                          E-filing
    Attorneys for Defendants
8   TYCO ELECTRONICS CORPORATION and
    TYCO ELECTRONICS (US) INC., erroneously sued as TYCO
9   INTERNATIONAL (US) INC.

10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14                                          Case No.

15  ANTHONY VILLA, as an individual and on
    behalf of all others similarly situated,

16                                          **NOTICE OF REMOVAL BY**
                Plaintiff,                  **DEFENDANTS TYCO**
                                            **ELECTRONICS CORPORATION**
17       v.                                 **AND TYCO ELECTRONICS (US)**
                                            **INC.**
18
    TYCO ELECTRONICS CORPORATION, a
19  corporation; TYCO INTERNATIONAL (US)
    INC., a corporation; and DOES 1 through 50
20  inclusive.

21

22

23

24

25

26

27

28

1    To the Clerk of Court, Plaintiff Anthony Villa and his attorneys of record:

2    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332, 1441, and 1453,

3    Tyco Electronics Corporation and Tyco Electronics (US) Inc., erroneously sued as Tyco

4    International (US) Inc., ("Defendants") hereby remove this action from the Superior Court of

5    California for the County of San Mateo to the United States District Court for the Northern

6    District of California, based on the following facts:

7    ## PROCEEDINGS TO DATE

8    1.    On December 24, 2009, a civil action was commenced in the Superior Court of

9    California for the County of San Mateo entitled "*Anthony Villa, as an individual and on behalf of*

10    *all others similarly situated, Plaintiff, vs. Tyco Electronics Corporation; Tyco International (US)*

11    *Inc., and Does 1 through 50, Defendants,*" No. CIV-490722 (the "Action"). A true and correct

12    copy of the Civil Case Cover Sheet, Class Action Complaint ("Complaint") and the summons and

13    other papers issued with the Complaint are attached to this notice as Exhibit A. The allegations

14    of the Complaint in the Action are incorporated by reference in this notice without necessarily

15    admitting any of them.

16    2.    The Complaint purports to assert seven class-wide causes of action for relief

17    against Defendants stemming from Plaintiff's and putative class members' employment with

18    Defendant Tyco Electronics Corporation. Specifically, the Complaint alleges causes of action on

19    behalf of a putative class for violation of the California Labor Code and the California Business

20    and Professions Code, and seeks to recover unpaid meal and rest period, vacation, and overtime

21    wages; un-reimbursed business expenses; penalties for late payment of wages; penalties for

22    failure to keep accurate records; attorneys' fees, interest and costs. The Complaint also seeks

23    restitution and injunctive relief.

24    3.    Defendants are informed and believe and on that basis allege that there have been

25    no other named defendants in this case and that no other defendant, whether named or not, has

26    been served with or otherwise received the Complaint in the Action.

27    4.    On January 27, 2010, Defendants filed their Answer to plaintiff's Complaint in the

28    Superior Court of California County of San Mateo, a true and correct copy of which is attached to

OHS West:260811921                                       - 1 -                              NOTICE OF REMOVAL BY DEFENDANTS
                                                          .2

1   this notice as Exhibit B.

2       5.      Attached hereto as Exhibit C are all other documents on file with the San Mateo
3   Superior Court.

4                                   **TIMELINESS OF REMOVAL**

5       6.      Defendants' registered agent for service of process was served with the Complaint
6   and the other papers, which are attached as Exhibit A, on January 5, 2010. Therefore, this notice
7   is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of the
8   Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

9                                   **JURISDICTION UNDER THE**
                                    **CLASS ACTION FAIRNESS ACT**
10

11      7.      Removal jurisdiction is based on 28 U.S.C. section 1332(d), the Class Action
12  Fairness Act of 2005 ("CAFA"). In relevant part, CAFA grants federal district courts original
13  jurisdiction over civil class action lawsuits filed under federal or state law in which any member
14  of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in
15  controversy exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of
16  such actions in accordance with 28 U.S.C. section 1446. As set forth herein, this case meets all of
17  CAFA's requirements for removal, and is timely and properly removed by the filing of this
18  Notice.

19      8.      This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d),
20  and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is
21  a civil class action wherein: 1) the proposed class contains at least 100 members; 2) the primary
22  defendants are not states, state officials or other governmental entities; 3) the total amount in
23  controversy for all class members exceeds $5 million; and 4) there is diversity between at least
24  one class member and at least one Defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5), 1453(a);
25  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("Once the prerequisites of
26  § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over
27  class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class
28  member is a citizen of a state different from any defendant.").

1

## Diversity

2      9.    CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of

3 a state different from at least one defendant. 28 U.S.C. §§ 1332(d)(2).

4      10.    This action was initially brought pursuant to California Code of Civil Procedure

5 section 382 on behalf of a class. California Code of Civil Procedure section 382 is a state statute

6 authorizing an action to be brought by one or more representative persons as a class action.

7      11.    For diversity purposes, a person is a "citizen" of the state in which he or she is

8 domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc*

9 *v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined the time the lawsuit is

10 filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).

11     12.    Named Plaintiff Anthony Villa is a citizen of California. In addition, based upon

12 the employment allegations in the Complaint, most, if not all of the class members are citizens of

13 California. *See* Complaint ¶ 17(1)-(7).

14     13.    For diversity purposes, a corporation "shall be deemed a citizen of any State by

15 which it has been incorporated and of the State where it has its principal place of business." 28

16 U.S.C. § 1332(c)(1).   Where a corporation does business in a number of states and does not

17 conduct the substantial predominance of its business in any single one, the state where corporate

18 headquarters is located is the corporation's principal place of business. *Industrial Tectonics, Inc.*

19 *v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990).

20     14.    At all relevant times for this removal, Defendant Tyco Electronics Corporation

21 was not a citizen of California. As a Pennsylvania Corporation with its principal place of

22 business in Pennsylvania, Tyco Electronics Corporation is deemed a citizen of Pennsylvania.

23 *See* Declaration of Janine M. Bryant In Support of Notice of Removal ("Bryant Decl.") ¶ 3. Tyco

24 Electronics Corporation is the primary defendant for purposes of CAFA. Tyco Electronics

25 Corporation is the current or former employer of Plaintiff and the putative class members, and is

26 thus the defendant from whom the class seeks significant relief. *See* Bryant Decl. ¶ 3.

27     15.    At all relevant times for this removal, Defendant Tyco Electronics (US) Inc. was

28 and is a Nevada corporation with its principal place of business in California. *See* Bryant Decl. ¶

1  4. Tyco Electronics (US) Inc. is thus a citizen of the states of Nevada and California for the

2  purpose of determining jurisdiction. Defendant Tyco Electronics (US) Inc., is a holding company

3  for Defendant Tyco Electronics Corporation. *See id.* ¶ 4. During the alleged class period, Tyco

4  Electronics (US) Inc. did not employ Plaintiff or any member of the putative class, or have any

5  involvement, control, or influence over any aspect of their employment or compensation. *See id.*

6  ¶ 4. Defendant Tyco Electronics (US) Inc.'s conduct thus did not form a significant basis for the

7  claims asserted in the Action.

8      16.    Does 1 through 50, inclusive, are wholly fictitious. The Complaint does not set

9  forth the identity or status of any said fictitious defendants, nor does it set forth any charging

10  allegation against any fictitious defendants. The citizenship of these doe defendants is to be

11  disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy

12  the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *Newcombe v.*

13  *Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14  **Class Size**

15      17.    Plaintiff did not specifically allege the number of employees in the putative class.

16  Moreover, the scope of the class to be certified was ill-defined in Plaintiff's Complaint. *See, e.g.,*

17  Complaint ¶¶ 17-25. However, at a minimum, Plaintiff seeks to represent a class including all

18  non-exempt employees employed in California from December 24, 2005 through the present. *See*

19  Complaint ¶ 17(1). Defendant Tyco Electronics Corporation employed in excess of 1,200 non-

20  exempt employees in California during the alleged class period. *See* Bryant Decl. ¶ 5(a).

21  Accordingly, the putative class exceeds the minimum size of at least 100 proposed plaintiffs in

22  the aggregate.

23  **Amount In Controversy**

24      18.    Plaintiff's Complaint is silent as to the total amount of damages claimed. The

25  failure of the complaint to specify the total amount of damages sought in the Action does not

26  deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D.

27  W.Va. 1994) (permitting removal notwithstanding the failure of the Plaintiff to plead a specific

28  dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal

simply by declining . . . to place a specific dollar claim upon its claim").

19. Defendants only need to establish by a preponderance of the evidence that the alleged claims exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

20. While Defendants deny the validity of Plaintiff's claims and requests for relief thereon, the claimed damages and relief sought in Plaintiff's Complaint are in excess of the jurisdictional minimum. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding of jurisdiction); *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that "defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA, Inc.*, 319 F. 3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim for attorneys' fees, that plaintiff's claim exceeded the jurisdictional threshold).

21. The requisite amount in controversy is established through an examination of the claims asserted by Plaintiff. Among other relief, Plaintiff seeks to recover on behalf of all non-exempt employees employed in California, waiting time penalties under Labor Code section 203 for alleged failure to pay all wages due at the end of employment. *See, e.g.,* Complaint ¶¶ 43,51, 56; *see also* PRAYER FOR RELIEF Nos. 4-7.

22. Labor Code section 203 provides for the imposition of waiting time penalties where an employer fails to pay, on the date an employee is discharged or quits, all wages then due. The maximum penalty for each former employee who was not paid all wages due upon departure is 30 days of wages. The statute of limitations for claims under Labor Code section 203 is three years. Cal. Lab. Code §203; Cal. Code Civ. Proc. § 338. During the relevant time frame, December 24, 2006 (three years prior to the date the Complaint was filed) to the present, in excess of 1,200 non-exempt California employees left Tyco Electronics Corporation's employ. Bryant Decl. ¶ 5(a). In 2006 through the present, the average hourly rate of pay for Tyco

1   Electronics Corporation's non-exempt employees in California exceeded $18.00. *Id.* at ¶ 5(b).

2   Assuming an eight hour workday, multiplied by a minimum average hourly rate of $18.00,

3   multiplied by 1,200 (employees who left Tyco Electronics Corporation's employ), multiplied by

4   30 days (the maximum number of days for which waiting time penalties can be imposed per

5   former employee), the sum of Labor Code Section 203 penalties is $5,184,000

6   [8*$18.00*30*1,200].[1]  Thus on the alleged claims for waiting time penalties alone, the

7   $5,000,000 amount in controversy requirement is met.

8       23.     The Complaint also alleges class claims to recover unpaid overtime wages, wages

9   for missed meal and rest periods, vacation wages, un-reimbursed business expenses, and penalties

10  for failure to provide accurate itemized wage statements. *See, e.g.,* Complaint ¶ 18, 35, 43, 49,

11  63, 69, 73; *see also* PRAYER FOR RELIEF Nos. 4-10.

12      24.     Plaintiff also seeks reasonable attorneys' fees, which this Court may consider in

13  determining whether the amount in controversy has been satisfied. *See, e.g., Bell v. Preferred*

14  *Life*, 320 U.S. 238 (1943); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)

15  (including prayer for attorneys' fees in determining amount in controversy where potentially

16  recoverable by statute); *Goldberg v. C.PC. Int'l., Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982)

17  (stating that attorneys' fees may be taken into account to determine jurisdictional amounts);

18  *Gibson v. Chrysler*, 261 F.3d 927 (9th Cir. 2001).

19      25.     Therefore, the potential total amount of monetary relief claimed by Plaintiff

20  through the Complaint easily exceeds $5,000,000. Again, CAFA, 28 U.S.C. section 1332(d)

21  authorizes the removal of class action cases in which, among other factors mentioned above, the

22  amount in controversy for all class members exceeds $5,000,000. Defendants deny the validity

23  and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based,

24  and the claims for monetary and other relief that flow from them. However, assuming them to be

25  accurate for purposes of this removal only, it is readily apparent, when considered in the context

26

27  [1] This calculation regarding damages is based on the Complaint, is made only to demonstrate that the amount in controversy in this case meets or exceeds the amount in controversy requirement of CAFA, and should not be construed as an admission with respect to any liability or damages aspect of this Action. Defendants deny that they

28  can or should be liable for any of these sums.

1  of the causes of action in the Complaint, that the monetary relief sought in this action exceeds the

2  jurisdictional minimum.

3      26.    Removal of this action is therefore proper as the aggregate value of Plaintiff's

4  claims for statutory penalties, compensatory damages, and attorneys' fees is in excess of the

5  $5,000,000 jurisdictional requirement.

6  **VENUE**

7      27.    Because Plaintiff's Complaint was filed in the Superior Court for the State of

8  California, County of San Mateo, venue is proper in this Court pursuant to 28 U.S.C. sections

9  84(a), 1391 and 1446.

10

11  Dated: February 4, 2010                PATRICIA K. GILLETTE

12                                      ANDREW R. LIVINGSTON
AMIRA B. DAY

13                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

14

15                                        Amira B. Day

16                                        Attorneys for Defendants
Tyco Electronics Corporation and
Tyco Electronics (US) Inc.

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Peter M. Hart (SBN 198691)
13952 Bora Bora Way, F-320
One Wilshire Boulevard, Suite 2200
Marina Del Rey, California 90291
TELEPHONE NO. (310) 478-5789     FAX NO: (509) 561-6441
ATTORNEY FOR (Name): Plaintiff Anthony Villa

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch Offices

**CASE NAME:**
Villa v. Tyco Electronics Corp., et al.

*FOR COURT USE ONLY*

**RECEIVED**

DEC 24 2009

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

**FILED BY FAX**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER CIV 490722 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

**2.** This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action (specify): Seven

**5.** This case [X] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 24, 2009

Peter M. Hart                                                                      FTA
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition



| Attorney or Party without Attorney (Name/Address)<br>PETER M. HART (SBN 198 691)<br>13152 BORA BORA WAY, F-320<br>NARUWA DEL REY, CALIFORNIA 90292<br>Telephone: (310) 478-5769<br>State Bar No.: 198691<br>Attorney for: PLAINTIFF ANTHONY VILLA | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | **FILED**<br>SAN MATEO COUNTY<br>DEC 24 2009<br>Clerk of the Superior Court<br>By _____ DEPUTY CLERK |
| Plaintiff<br>ANTHONY VILLA | |
| Defendant TYCO ELECTRONICS CORP, ET AL. | |
| **Certificate Re Complex Case Designation** | Case Number |

**FILED BY FAX**

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1. In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

   □ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

   □ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

   ☒ Box 5 – Is [or is not] a class action suit.

2. This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence, (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

THIS IS A WAGE AND HOUR PUTATIVE
CLASS ACTION THAT MAY REQUIRE A
NUMBER OF PRETRIAL MOTIONS, INCLUDING
A CERTIFICATION MOTION, AND MANAGEMENT
OF A LARGE NUMBER OF WITNESSES IF
CERTIFIED.

*(attach additional pages if necessary)*

3.     Based on the above-stated supporting information, there is a reasonable basis for the complex
case designation or counter-designation [or noncomplex case counter-designation] being made
in the attached Civil Case Cover Sheet.

\*\*\*\*\*

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:  _12/24/09_

_Kenneth   Yoon_
[Type or Print Name]

_____
[Signature of Party or Attorney For Party]

CV-59 [Rev. 1/06]                                                www.sanmateocourt.org

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100



FILED
SAN MATEO COUNTY
DEC 24 2009
Clerk of the Superior Court
By _____ DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TYCO ELECTRONICS CORPORATION, a corporation; TYCO
INTERNATIONAL (US) INC., a corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTHONY VILLA, as an individual and on behalf of all others similarly
situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Mateo County Superior Court<br>400 County Center<br>Redwood City, California 94063 | CASE NUMBER:<br>*(Número del Caso)*<br>**CIV 490722** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter M. Hart (SBN 198691)
13952 Bora Bora Way, F-320, Marina Del Rey, CA 90292

Telephone No.: (310) 478-5789
Fax No.: (509) 561-6441

DATE:
*(Fecha)* DEC 24 2009 JOHN C. FITTON Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

1   PETER M. HART (State Bar No. 198691)
    **LAW OFFICES OF PETER M. HART**
2   13952 Bora Bora Way, F-320
3   Marina Del Rey, CA 90292
    Telephone: (310) 478-5789
4   Facsimile: (509) 561-6441
    hartpeter@msn.com
5

6   KENNETH H. YOON (State Bar No. 198443)
    LINDA WHITEHEAD (State Bar No. 222799)
7   MELISSA COYLE (State Bar No. 232775)
    **LAW OFFICES OF KENNETH H. YOON**
8   One Wilshire Blvd., Suite 2200
9   Los Angeles, CA 90017
    (213) 612-0988
10  (213) 947-1211 facsimile
11  kyoon@yoon-law.com

12  Attorneys for Plaintiff Anthony Villa

13

**FILED BY FAX**

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  FOR THE COUNTY OF SAN MATEO

**CIV 490782**

| | |
|---|---|
| 16 ANTHONY VILLA, as an individual and on behalf of all others similarly situated, | Case No.: |
| 17 | **CLASS ACTION** |
| Plaintiff, | |
| 18 vs. | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| 19 TYCO ELECTRONICS CORPORATION, a corporation; TYCO INTERNATIONAL (US) | |
| 20 INC., a corporation; and DOES 1 through 50, | **(1) VIOLATION OF LABOR CODE § 227.3;** |
| 21 inclusive, | **(2) VIOLATION OF LABOR CODE § 226.7;** |
| 22 Defendants. | **(3) FAILURE TO PAY OVERTIME WAGES;** |
| 23 | |
| 24 | **(4) FAILURE TO PAY FINAL WAGES PURSUANT TO § 201-204;** |
| 25 | |
| 26 | **(5) VIOLATION OF LABOR CODE § 226;** |
| 27 | **(6) VIOLATION OF LABOR CODE § 2802.;** |
| 28 | |
| | **(7) UNFAIR BUSINESS PRACTICES** |

1

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(Violation of California Business & Professions Code §17200 *et seq.*).

**DEMAND FOR JURY TRIAL**

Plaintiff Anthony Villa (hereinafter referred to as "Plaintiff"), hereby submits his Complaint against Defendants Tyco Electronics Corporation and Tyco International (US) Inc. and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and others similarly situated current and former employees of DEFENDANTS for meal and rest period wages owed, vacation wages owed, overtime wages owed, unreimbursed business-related expenses, late payment of wages, waiting time penalties, and for failure to keep accurate records, as follows:

## INTRODUCTION

1.    This action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, 2802 *et seq.* and California Business and Professions Code § 17200, *et seq.*, (Unfair Practices Act).

2.    This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3.    Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide meal periods, failing to pay rest period premiums, failure to pay all overtime wages due, failing to pay wages in a timely fashion, including at the end of employment, failure to pay vacation wages (including, but not limited to, paid time off, floating holiday, and/or personal days, and hereafter referring to all such days) and failure to keep proper payroll records.

2

4.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that: (a) fail to pay all final wages in a timely fashion; (b) fail to pay proper overtime wages, (c) fail to pay all meal period and rest period wages owed, (d) fail to pay all vested and unused vacation wages at the end of employment, (e) fail to keep proper records pursuant to Labor Code § 226, and (f) fail to reimburse all work-related expenses pursuant to Labor Code § 2802.

5.     The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code.

**JURISDICTION AND VENUE**

6.     The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, 2802 and California Business and Professions Code § 17200, *et seq.*, (Unfair Practices Act).

7.     Venue is proper because the DEFENDANTS do business in the State of California and in the County this action was filed in. DEFENDANT Tyco International (US) Inc.'s principal place of business in California is in this county.

**PARTIES**

8.     Plaintiff ANTHONY VILLA was employed by DEFENDANTS as a non-exempt employee until December 22, 2008. During Plaintiff's employment with DEFENDANTS, Plaintiff worked overtime (i.e., more than 8 hours in a workday and/or 40 hours in a workweek) without being paid the proper amount of overtime pay. DEFENDANTS did not pay Plaintiff all meal period wages and rest period wages when owed and did not provide meal periods or rest periods in compliance with California law. Additionally, DEFENDANTS did not pay Plaintiff all of his vested and unused vacation wages (including personal time and "pto" time) at the end

3

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    of his employment and still have not paid these wages. DEFENDANTS did not pay Plaintiff his

2    final wages at the end of his employment in compliance with California law. DEFENDANTS

3    did not keep accurate records of Plaintiff's hours worked, rates of pay, wages earned, net wages,

4    and other records as required, and did not reimburse Plaintiff for all work-related expenses.

5    Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS

6    complained of in this action in ways that have deprived him of the rights guaranteed her by

7    California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, 2802, and California

8    Business and Professions Code §17200, *et seq*., (Unfair Practices Act).

9        **9.**     Plaintiff is informed and believes and based thereon alleges Defendants Tyco

10    Electronics Corporation, a Pennsylvania corporation, and Tyco International (US) Inc. (hereafter

11    "DEFENDANTS"), a Massachusetts corporation, do business in the State of California and

12    across the United States, providing commercial and retail products and services, including in San

13    Mateo County, California.

14        **10.**    Plaintiff is informed and believes and thereon alleges that at all times herein

15    mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business

16    entities, individuals, and partnerships, licensed to do business and actually doing business in the

17    State of California.

18

19        **11.**    As such, and based upon all the facts and circumstances incident to

20    DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code

21    §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, 2802 and California Business and Professions

22    Code § 17200, *et seq*., (Unfair Practices Act).

23        **12.**    Plaintiff does not know the true names or capacities, whether individual, partner

24    or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that

25    reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to

26    amend this complaint when the true names and capacities are known. Plaintiff is informed and

27    believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some

28    way for the matters alleged herein and proximately caused Plaintiff and members of the general

1  public and class to be subject to the illegal employment practices, wrongs and injuries
2  complained of herein.

3      13.    At all times herein mentioned, each of said DEFENDANTS participated in the
4  doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and
5  furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of
6  each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times
7  herein mentioned, were acting within the course and scope of said agency and employment.

8      14.    Plaintiff is informed and believes and based thereon alleges that at all times
9  material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego
10 and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was
11 acting within the course and scope of such agency. employment, joint venture, or concerted
12 activity. To the extent said acts, conduct, and omissions were perpetrated by certain
13 DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts,
14 conduct, and omissions of the acting DEFENDANTS.
15

16     15.    At all times herein mentioned, DEFENDANTS, and each of them, were members
17 of, and engaged in, a joint venture, partnership and common enterprise, and acting within the
18 course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19     16.    At all times herein mentioned, the acts and omissions of various DEFENDANTS,
20 and each of them, concurred and contributed to the various acts and omissions of each and all of
21 the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At
22 all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or
23 omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of
24 them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in
25 proximately causing the damages as herein alleged.

26                          **CLASS ALLEGATIONS**

27     17.    **Definition:** The named individual Plaintiff brings this action on behalf of herself
28 and other similarly situated persons pursuant to California Code of Civil Procedure § 382. The

5

Classes consists of:

(1)   All past and current non-exempt employees of DEFENDANTS employed in California from December 24, 2005 through the present who were provided wage statements,

(2)   All past employees of DEFENDANTS who were employed in California from December 24, 2005 through the present who, from DEFENDANTS records, were not paid all unused vested vacation wages, including, but not limited to, vacation pay, paid time off pay, personal time pay, and/or floating holiday pay, at the end of their employment,

(3)   All past and current employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from December 24, 2005 through the present, who worked more than 8 hours in a workday and/or more than 40 hours in a workweek,

(4)   All past and current employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from December 24, 2005 through the present, who were paid overtime wages,

(5)   All past and current non-exempt employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from December 24, 2005 through the present, who worked shifts of more than 6 hours,

(6)   All past employees of DEFENDANTS employed in California from December 24, 2005 through the present who, from DEFENDANTS records, received any form of wages beyond the date they were terminated by DEFENDANTS,

(7)   All past employees of DEFENDANTS employed in California from December 24, 2005 through the present who, from DEFENDANTS records, received any form of wages beyond 72 hours from the date they were terminated

6

by DEFENDANTS.

18.     **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that (a) non-exempt class members regularly were denied payment of all overtime wages due, (b) class members were not paid all meal and rest period wages earned and were not provided meal and rest periods in violation of Labor Code § 226.7, (c) Defendants violated Labor Code § 227.3 by failing to pay out all unused vested vacation wage to employees at the end of their employment, (d) class members were not paid all wages in a timely fashion based on DEFENDANTS own records, including all wages at the end of employment based on Defendants' own records, (e) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226, and (f) class members were not reimbursed for all work-related expenses in violation of California Labor Code § 2802.

19.     **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20.     DEFENDANTS uniformly administered a corporate policy, practice and/or United of not paying members of the class all overtime and commission wages earned, and violated Labor Code § 227.3 with respect to their employees and uniformly paid their employees wages late. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

21.     In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed

7

1    in this code section. Plaintiff is informed and believes and based thereon alleges this corporate

2    conduct is accomplished with the advance knowledge and designed intent to willfully and

3    intentionally fail to accurately record proper rates of pay, hours worked, net wages, and

4    deductions.

5        **22.**     Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in

6    violation of California Labor Code §§ 201 and 202, *et seq.*, respectfully, had a consistent and

7    uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226,

8    226.7, 227.3, 1194, and 1194.2. Plaintiff and other members of the class did not secret or absent

9    themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from

10    DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the

11    unpaid wages to separated employees pursuant to California Labor Code § 203.

12        **23.**     As a pattern and practice and matter of corporate policy, in violation of the

13    aforementioned labor laws, DEFENDANTS committed unfair practices based on the claims

14    alleged in the preceding paragraph.

15

16        **24.**     **Common Question of Law and Fact:** There are predominant common questions

17    of law and fact and a community of interest amongst Plaintiff and the claims of the class

18    concerning whether: (a) class members regularly were not provided meal periods and/or rest

19    periods in compliance with California law and whether meal periods were properly recorded, (b)

20    class members regularly were denied payment of all overtime wages due, (c) DEFENDANTS

21    did not pay all wages in a timely fashion under California law, (d) Defendants violated Labor

22    Code § 227.3 by failing to pay all vested vacation wages at the end of employment, (e)

23    DEFENDANTS did not maintain accurate records of class members in violation of California

24    Labor Code § 226, (f) whether all work-related expenses were reimbursed to class members, and

25    (g) whether meal and rest periods can be combined.

26        **25.**     **Typicality:** The claims of Plaintiff are typical of the claims of all members of the

27    class. Plaintiff is a members of the classes and has suffered the harms alleged violations of

28    California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, and 2802.

26.     The California Labor Code and upon which Plaintiff bases his claims are broadly
remedial in nature. These laws and labor standards serve an important public interest in
establishing minimum working conditions and standards in California. These laws and labor
standards protect the average working employee from exploitation by employers who may seek
to take advantage of superior economic and bargaining power in setting onerous terms and
conditions of employment.

27.     The nature of this action and the format of laws available to Plaintiff and
members of the class identified herein make the class action format a particularly efficient and
appropriate procedure to redress the wrongs alleged herein. If each employee were required to
file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an
unconscionable advantage since it would be able to exploit and overwhelm the limited resources
of each individual plaintiff with their vastly superior financial and legal resources. Requiring
each class member to pursue and individual remedy would also discourage the assertion of
lawful claims by employees who would be disinclined to file an action against their former
and/or current employer for real and justifiable fear of retaliation and permanent damage to their
careers at subsequent employment.

28.     The prosecution of separate actions by the individual class members, even if
possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect
to individual class members against the DEFENDANTS and which would establish potentially
incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect
to individual class members which would, as a practical matter, be dispositive of the interest of
the other class members not parties to the adjudications or which would substantially impair or
impede the ability of the class members to protect their interests. Further, the claims of the
individual members of the class are not sufficiently large to warrant vigorous individual
prosecution considering all of the concomitant costs and expenses.

29.     Such a pattern, practice and uniform administration of corporate policy regarding
illegal employee compensation described herein is unlawful and creates an entitlement to

9

1  Plaintiff and members of the class all vested vacation wages at the end of their employment

2  caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.

3      **36.**    The conduct of DEFENDANTS and their agents and employees as described

4  herein was willful and was done in conscious disregard of Plaintiff's and class members' rights,

5  and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of

6  pay, under Labor Code § 203, as penalties for Plaintiff and each former employee of

7  DEFENDANTS who were not paid out all vested vacation wages.

8      **37.**    Such a pattern, practice and uniform administration of corporate policy regarding

9  illegal employee compensation as described herein is unlawful and creates an entitlement to

10  recovery by Plaintiff in a civil action for damages and wages owed and for costs and attorney's

11  fees.

12  

**SECOND CAUSE OF ACTION**

13
14  **VIOLATION OF LABOR CODE § 226.7 WITH RESPECT TO MEAL AND REST**

**PERIODS**

15
16  **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

17      **38.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as

18  though fully set for herein.

19      **39.**    At all times relevant herein, DEFENDANTS were required to provide meal

20  periods and rest periods in compliance with California Labor Code § 226.7.

21      **40.**    As a pattern and practice, DEFENDANTS regularly denied Plaintiff and class

22  members meal periods and rest periods and regularly failed to provide meal periods and rest

23  periods as a matter of policy, practice, and procedure. As a uniform pattern and practice,

24  DEFENDANTS combined meal and rest periods improperly into one set amount of unpaid time.

25  As a uniform pattern and practice, DEFENDANTS did not properly give rest periods by not

26  providing sufficient paid rest period time.

27      **41.**    As a pattern and practice, DEFENANTS regularly staffed their locations, facilities,

28  offices, service force, and sales force in a way that did not allow their employees to take

11

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

mandated meals or have their meal periods be provided to them.  As a pattern and practice, DEEFENDANTS regularly failed to schedule meal periods and failed to record the beginning and end of meal periods.

42.    The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of DEFENDANTS.

43.    Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees proper compensation for all meal period wages earned. Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all commission wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

44.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of commission wages owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 218.5, *et seq*.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

45.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set for herein.

46.    At all times relevant herein, DEFENDANTS were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California Labor Code § 1194.  Plaintiff was employed by DEFENDANTS as a non-exempt employee entitled to overtime wages.  During Plaintiff's employment with Defendants, Plaintiff worked overtime

12

1  recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance

2  of the full amount unpaid commission, overtime and vacation wages, including interest thereon,

3  applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of

4  California Labor Code §§ 218.5, 218.6, 226, 226.7, 227.3, & 1194, 1194.2, 2802 and Code of

5  Civil Procedure § 1021.5.

6      **30.**    Proof of a common business practice or factual pattern, which the named Plaintiff

7  experienced and is representative of, will establish the right of each of the members of the

8  Plaintiff class to recovery on the causes of action alleged herein.

9      **31.**    The Plaintiff class is commonly entitled to a specific fund with respect to the

10  compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is

11  commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS.

12  This action is brought for the benefit of the entire class and will result in the creation of a

13  common fund.

14

15                      **FIRST CAUSE OF ACTION**

16              **VIOLATION OF LABOR CODE § 227.3 *ET SEQ.***

17              **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

18      **32.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as

19  though fully set for herein.

20      **33.**    This cause of action is brought pursuant to Labor Code § 227.3 which prohibits

21  employers from forfeiting the vested vacation wages of their employees.

22      **34.**    Plaintiff had unused vested vacation wages (including, but not limited to, vacation

23  pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or

24  floating holiday pay) that were not paid out to her in a timely fashion at the end of her

25  employment in violation of Labor Code § 227.3.

26      **35.**    As a matter of uniform corporate policy and procedure and practices

27  DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiff and members of the class

28  all vested vacation wages at the end of their employment. The uniform policy of not paying

10

1  hours, specifically, Plaintiff worked more than 8 hours in a workday and/or 40 hours in a
2  workweek, without being paid the proper amount of overtime pay.

3      47.    As a pattern and practice, DEFENDANTS failed to include all paid non-
4  discretionary commissions/bonuses and other incentive pay into the regular rate when calculating
5  and paying Plaintiff and DEFENDANTS' other non-exempt California employees proper
6  overtime compensation for daily and weekly overtime hours worked at the appropriate overtime
7  rate.

8      48.    Further, because of DEFENDANTS' systemic payroll processes that required
9  Plaintiff, and the class, to wait more than the allowable amount of time under Labor Code § 204
10 to receive their earned wages, Plaintiff and the class were not paid all of their overtime pay upon
11 termination of employment, and accordingly are owed overtime wages.
12
13     49.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS'
14 policy and practice of requiring overtime work and not paying for said work according to the
15 overtime mandates of California law is, and at all times herein mentioned was in violation of
16 California Labor Code § 1194 and California Industrial Welfare Commission wage order(s).
17 DEFENDANTS' employment policies and practices wrongfully and illegally failed to
18 compensate Plaintiff and the class for overtime compensation earned as required by California
19 law.

20     50.    The conduct of DEFENDANTS and their agents and employees as described
21 herein was willful and intentional and part of a corporate policy and procedure and practice.

22     51.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS
23 willfully failed to pay employees proper compensation for all overtime hours worked at the
24 appropriate rate of overtime pay.  Plaintiff is informed and believes and based thereon alleges
25 that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon
26 separation from employment results in a continued payment of wages up to thirty (30) days from
27 the time the wages were due.  Therefore, Plaintiff and other members of the class who have
28 separated from employment are entitled to compensation pursuant to Labor Code § 203.

52.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 1194, *et seq.*

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-204

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

53.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set for herein.

54.     At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion during and at the end of their employment pursuant to California Labor Code §§ 201 to 204.

55.     As a pattern and practice, DEFENDANTS routinely required Plaintiff, and the class, to wait more than the allowable amount of time under Labor Code § 204 to receive his earned wages.

56.     As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

57.     The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS.

58.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

14

## FIFTH CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING

## (AGAINST ALL DEFENDANTS BY PLAINTIFF)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as though fully set for herein.

60. DEFENDANTS failed in their affirmative obligation to keep accurate payroll records of their California employees. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

61. For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members hours worked, rates of pay, rates of overtime pay (as a result of DEFENDANTS' failure to calculate the proper rate of overtime pay), net wages earned, daily or weekly overtime pay, commissions earned and/or vacation earned, pay periods in which wages were earned, pay periods in which wages were earned and paid, and who failed to state the name of the legal entity who is the employer.

62. As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

63. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

64. DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to

15

violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

<strong><u>SIXTH CAUSE OF ACTION</u></strong>

<strong>FOR VIOLATIONS OF <u>LABOR CODE</u> § 2802 <em>ET SEQ.</em></strong>

<strong>(AGAINST ALL DEFENDANTS BY PLAINTIFF)</strong>

**65.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64 as though fully set for herein.

**66.** Pursuant to <u>Labor Code</u> § 2802, Plaintiff and employees similarly situated as him seek recovery of all reasonable work-related expenses that they have incurred.

**67.** Pursuant to <u>Labor Code</u> § 2802 employees are entitled to be reimbursed for all work-related expenses. Plaintiff alleges that he and members of the class similarly situated as him were not reimbursed for all work-related expenses.

**68.** Plaintiff alleges that Defendants have a corporate practice that fails to reimburse their current and former employees for all work-related expenses, including but not limited to mileage, uniforms, training meetings.

**69.** Plaintiff seeks for himself and members of the class all work-related expenses, and for costs, interest and attorneys' fees allowed.

<strong><u>SEVENTH CAUSE OF ACTION</u></strong>

<strong>FOR VIOLATIONS OF <u>BUSINESS AND PROFESSIONS CODE</u> § 17200 <em>ET SEQ.</em></strong>

<strong>(AGAINST ALL DEFENDANTS BY PLAINTIFF)</strong>

**70.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69 as though fully set for herein.

**71.** DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the

16

employment practices outlined above, inclusive, to wit, by (a) not compensating employees for all overtime hours worked, (b) not compensating employees for all meal period and rest period wages earned, (c) forfeiting earned and unused vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay), and (d) failing to reimburse all business-related expenses.

72.     DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

73.     Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

74.     Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

75.     The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

76.     Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

17

2.  For an order appointing Plaintiff as the representative of the Classes;

3.  For an order appointing Counsel for Plaintiff as class counsel;

4.  Upon the First Cause of Action, for all vacation wages owed (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay), and for waiting time penalties according to proof pursuant to California Labor Code § 203;

5.  Upon the Second Cause of Action, all meal wages owed and for waiting time penalties according to proof pursuant to California Labor Code § 203;

6.  Upon the Third Cause of Action, for all overtime wages owed and for waiting time wages according to proof pursuant to California Labor Code § 203;

7.  Upon the Fourth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203

8.  Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

9.  Upon the Sixth Cause of Action, for damages and reimbursements pursuant to statute as set forth in California Labor Code § 2802 and for costs and attorney's fees;

10. Upon the Seventh Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*, for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

11. On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, 1194, 1194.2, 2698 *et seq.* and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

18

Dated: December 24, 2009            LAW OFFICES OF PETER M. HART

By: _____
                                    Peter M. Hart, Esq.
                                    Attorney for Plaintiff Villa and the class

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

DATED: December 24, 2009            LAW OFFICES OF PETER M. HART

By: _____
                                    Peter M. Hart, Esq.
                                    Attorney for Plaintiff Villa and the class

19

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Andrew Livingston (State Bar No. 148646) Amira Day (State Bar No. 239045)<br>Orrick, Herrington & Sutcliffe LLP<br>405 Howard Street<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 773-5700  FAX NO.: (415) 773-5759<br>ATTORNEY FOR (Name): Tyco Electronics Corporation | FOR COURT USE ONLY<br><br>**RECEIVED**<br>JAN 2 7 2010<br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

CASE NAME: Anthony Villa v. Tyco Electronics Corporation

| CIVIL CASE COVER SHEET<br>☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☒ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CIV490722 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Mass tort (40) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | Real Property | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☒ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties  d. ☒ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence  f. ☒ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 7 (Violations of the California Labor code; unfair business practices.)
5. This case ☒ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: January 27, 2010
Amira B. Day
_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

1  PATRICIA K. GILLETTE (STATE BAR NO. 74461)
   pgillette@orrick.com
2  ANDREW R. LIVINGSTON (STATE BAR NO. 148646)
   alivingston@orrick.com
3  AMIRA B. DAY (STATE BAR NO. 239045)
   aday@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone:    +1-415-773-5700
   Facsimile:    +1-415-773-5759
7
   Attorneys for Defendant
8  TYCO ELECTRONICS CORPORATION and TYCO
   ELECTRONICS (US) INC., erroneously sued as
9  TYCO INTERNATIONAL (US) INC. ·

**FILED**
SAN MATEO COUNTY

**JAN 2 7 2010**

Clerk of the Superior Court
By _____
        DEPUTY CLERK

10                  SUPERIOR COURT OF CALIFORNIA

11                      COUNTY OF SAN MATEO

12

13

14  ANTHONY VILLA, as an individual and on        CASE NO. CIV490722
    behalf of all others similarly situated,
15                                                 **CLASS ACTION**
                 Plaintiff,
16                                                 **DEFENDANTS' ANSWER TO**
         v.                                        **PLAINTIFF'S CLASS ACTION**
17                                                 **COMPLAINT FOR DAMAGES AND**
    TYCO ELECTRONICS CORPORATION, a                **INJUNCTIVE RELIEF**
18  corporation; TYCO INTERNATIONAL (US)
    INC., a corporation; and DOES 1 through 50
    inclusive
19
                 Defendants.
20

21

22

23

24

25

26

27

28

        DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
                                  CASE NO. CIV490722

1    Defendants Tyco Electronics Corporation and Tyco Electronics (US) Inc.,

2    erroneously sued as, Tyco International (US) Inc. (collectively "Defendants") hereby answer the

3    unverified Complaint ("Complaint") filed by Plaintiff Anthony Villa ("Plaintiff") in the above-

4    entitled action as follows:

5    **GENERAL DENIAL**

6    Pursuant to California Code of Civil Procedure § 431.30(d), Defendants generally

7    deny each and every material allegation of the Complaint and further deny that Plaintiff and/or

8    the proposed class members been damaged in the manner or amount alleged, or in any manner or

9    amount.

10    **DEFENSES**

11    **First Affirmative Defense**

12    **Failure to State a Claim**

13    1.    As a separate defense to the Complaint and to each cause of action therein,

14    Defendants allege that the Complaint, and each purported cause of action therein, fails to state a

15    claim upon which relief may be granted.

16    **Second Affirmative Defense**

17    **Standing**

18    2.    As a separate defense to the Complaint and to each cause of action therein,

19    Defendants allege that the claims of Plaintiff and/or those of the class he purports to represent are

20    barred because Plaintiff lacks standing to assert them against either or both Defendants..

21    **Third Affirmative Defense**

22    **Statute of Limitations**

23    3.    As a separate defense to the Complaint and to each cause of action therein,

24    Defendants allege that Plaintiff's claims and/or those of the class he purports to represent are

25    barred in whole or in part by the applicable statutes of limitation, including, but not limited to

26    California Code of Civil Procedure sections 337, 338, 339, 340 and 343, Business and

27    Professions Code section 17208, and California Labor Code section 203.

28

- 1 -

1                               **Fourth Affirmative Defense**

2                                       **Payment**

3            4.     As a separate defense to the Complaint and to each cause of action therein,

4 Defendants allege that Plaintiff's claims and/or those of the class he purports to represent are

5 barred because Plaintiff and/or members of the class he purports to represent have been paid all

6 wages due and owed.

7                                  **Fifth Affirmative Defense**

8                               **Accord and Satisfaction**

9            5.     As a separate defense to the Complaint and to each cause of action therein,

10 Defendants allege that Plaintiff's claims and/or those of the class he purports to represent are

11 barred by the doctrine of accord and satisfaction.

12                                 **Sixth Affirmative Defense**

13                             **Settlement and Release**

14            6.     As a separate defense to the Complaint and to each cause of action therein,

15 Defendants allege that Plaintiff's claims and/or those of the class he purports to represent are

16 barred by the doctrine of settlement and release.

17                              **Seventh Affirmative Defense**

18                           **Failure to Mitigate Damages**

19            7.     As a separate defense to the Complaint and to each cause of action therein,

20 Defendants allege that Plaintiff and/or members of the class he purports to represent failed and

21 continue to fail to mitigate or avoid their damages, if any, and, as a result, their recovery under

22 the Complaint and each purported cause of action therein should be barred or decreased.

23                                **Eighth Affirmative Defense**

24               **Unclean Hands, Laches, Estoppel, and Waiver**

25            8.     As a separate defense to the Complaint and to each cause of action therein,

26 Defendants allege that Plaintiff's claims and/or those of the members of the class he purports to

27 represent are barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

28

                                          - 2 -

1    **Ninth Affirmative Defense**

2    **Good Faith**

3          9.    As a separate defense to the Complaint and to each cause of action therein,

4    the claims of Plaintiff and/or the members of the class he purports to represent for injunctive

5    relief, disgorgement, and restitution are barred, in whole or in part because any act or omission of

6    Defendants allegedly giving rise to the claims was in good faith.

7    **Tenth Affirmative Defense**

8    **Preemption by Fair Labor Standards Act**

9          10.    As a separate defense to the Complaint and to the seventh cause of action

10   therein, the Fair Labor Standards Act, 29 U.S.C. sections 201, *et seq.*, preempts Plaintiff's claims

11   under California Business and Professions Code sections 17200, *et seq.*

12   **Eleventh Affirmative Defense**

13   **No Willful Actions**

14         11.    As a separate defense to the Complaint and to each cause of action therein,

15   the claims of Plaintiff and/or the members of the class he purports to represent are barred because

16   Defendants' actions were not "willful" under California Labor Code section 203.

17   **Twelfth Affirmative Defense**

18   **Damaged by Own Conduct**

19         12.    As a separate defense to the Complaint and to each cause of action therein,

20   Defendants allege that, should it be determined that Plaintiff and the proposed class have been

21   damaged, then said damages were proximately caused by their own conduct.

22   **Thirteenth Affirmative Defense**

23   **Good Faith Dispute**

24         13.    As a separate defense to the Complaint and to each cause of action therein,

25   Defendants allege that the claims of Plaintiff and/or the members of the class he purports to

26   represent for waiting time penalties should be denied because a good faith dispute exists as to

27   whether any wages are due.

28
                                    - 3 -

1                              **Fourteenth Affirmative Defense**

2                          **Failure to Return to Office for Payment of Wages**

3              14.    As a separate defense to the Complaint and to each cause of action therein,

4    Defendants allege that the claims of Plaintiff and/or the members of the class he purports to

5    represent for waiting time penalties should be denied because Plaintiff and/or the members of the

6    class he purports to represent failed to return to the office in which they worked for payment of

7    wages as required by the California Labor Code, including but not limited to section 208 thereto.

8                              **Fifteenth Affirmative Defense**

9                          **Failure to Comply with Statutory Requirements**

10             15.    As a separate defense to the Complaint and to the seventh cause of action

11   therein, Defendants allege that Plaintiff's purported representative claims under California

12   Business and Professions Code section 17200, *et seq.*, are barred by provisions of California

13   Business & Professions Code sections 17203 and 17204.

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                              - 4 -

1        **Sixteenth Affirmative Defense**

2            16.    As a separate defense to the Complaint and to each cause of action therein,

3    Defendants presently have insufficient knowledge or information on which to form a belief as to

4    whether they have or may have additional, as yet unstated, defenses available and, therefore,

5    reserve the right to assert additional affirmative defenses in the event discovery indicates that they

6    would be appropriate.

7            WHEREFORE, Defendants pray for relief as follows:

8            1.    That the Complaint be dismissed with prejudice and that Plaintiff take

9    nothing thereby;

10           2.    For Defendants' cost of suit herein, including reasonable attorneys' fees;

11    and

12           3.    For such other and further relief as the Court deems just.

13

14    Dated: January 27, 2010                    PATRICIA K. GILLETTE
                                                  ANDREW R. LIVINGSTON
15                                               AMIRA B. DAY
                                                  Orrick, Herrington & Sutcliffe LLP
16

17

18                                                      AMIRA B. DAY
                                                  Attorneys for Defendant
19                                               TYCO ELECTRONICS CORPORATION and
                                                  TYCO ELECTRONICS (US) INC., erroneously
20                                               sued as TYCO INTERNATIONAL (US) INC.

21

22    OHS West:260812139.1
      1-439021 C60/C60
23

24

25

26

27

28
                                              - 5 -

01/27/2010 14:25 FAX 415 773 5`          ORRICK S.F.                           012/012

1            <u>**PROOF OF SERVICE BY MAIL**</u>

2            I am more than eighteen years old and not a party to this action. My business

3    address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San

4    Francisco, California 94105-2669. On January 27, 2010, I served the following document(s):

5       ➢ **DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
            FOR DAMAGES AND INJUNCTIVE RELIEF**
6

7    on the interested parties in this action by placing true and correct copies thereof in sealed

8    envelope(s) addressed as follows:

         **Peter M. Hart, Esq.**
9        **Law Offices of Peter M. Hart**
         **13952 Bora Bora Way, F-320**
10       **Marina Del Rey, CA  90292**

11       **Kenneth H. Yoon, Esq.**
         **Linda Whitehead**
         **Melissa Coyle**
12       **Law Offices of Kenneth H. Yoon**
         **One Wilshire Blvd., Suite 2200**
13       **Los Angeles, CA  90017**

14           I am employed in the county from which the mailing occurred. On the date

15   indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office

16   business address indicated above. I am readily familiar with this firm's practice for the collection

17   and processing of correspondence for mailing with the United States Postal Service. Under that

18   practice, the firm's correspondence would be deposited with the United States Postal Service on

19   this same date with postage thereon fully prepaid in the ordinary course of business.

20           I declare under penalty of perjury that the foregoing is true and correct.

21           Executed on January 27, 2010, at San Francisco, California.

22

23                                          _____

24                                                  Erica S. Andrada

25

26

27

28   OHS West:260816661.1                        - 1 -

Exhibit C



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA 94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| ANTHONY VILLA<br>Plaintiff(s)<br>vs.<br>TYCO ELECTRONICS<br>CORPORATION<br>Defendant(s) | **Notice of Complex Case Status Conference** |
|---|---|
| | Case No.: CIV 490722      Date: **02/24/10** |
| | Time: **9:00 AM** |
| | **Dept. 24** |

Title: ANTHONY VILLA VS TYCO ELECTRONICS CORP, ET AL

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable **San Mateo County Local Rule 2.30,** you are hereby ordered to:
   a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> 2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex case as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 12/28/09

John C. Fitton,
Court Executive Officer/Clerk

By: MARY LOU DRAGONRYDER
Deputy Clerk

Copies mailed to:

KENNTHE H. YOON
ONE WILSHIRE BLVD, SUITE 220
LOS ANGELES CA 90017

PETER M. HART
13952 BORA BORA WAY, F-320
MARINA DEL REY CA 90292

Form: CCSC

# NOTICE OF CASE MANAGEMENT CONFERENCE

i/illa

**FILED**
SAN MATEO COUNTY
DEC 24 2009
Clerk of the Superior Court
BY _____ DEPUTY CLERK

vs.

Tyco

Case No. _____ **CIV 400788**

Date: ____ 4-27-10

Time: 9:00 a.m.

Dept. 7 – on Tuesday & Thursday
Dept. ____ = on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. **File and serve a completed Case Management Statement at least 15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).