PETER M. HART (State Bar No. 198691)
hartpeter@msn.com
KIMBERLY A. WESTMORELAND (State Bar No. 237919)
kwestmoreland.loph@gmail.com
MELISSA COYLE (State Bar No. 232799)
mcoyle.loph@gmail.com
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Attorneys for Plaintiff Anthony Villa
(Additional counsel for Plaintiff on following page)

PATRICIA K. GILLETTE (State Bar No. 74461)
pgillette@orrick.com
ANDREW R. LIVINGSTON (State Bar No. 148646)
alivingston@orrick.com
AMIRA B. DAY (State Bar No. 239045)
aday@orrick.com
**ORRICK, HERRINGTON & SUTTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759
Attorneys for Defendant
TYCO ELECTRONICS CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| ANTHONY VILLA, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TYCO ELECTRONICS CORPORATION, a corporation; TYCO INTERNATIONAL (US) INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:  CV 10-00516 MHP<br><br>*Assigned to the Honorable Marilyn Hall Patel*<br><br>**STIPULATION AND [PROPOSED] ORDER TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF LABOR CODE § 227.3 AND DEFENDANT**<br><br>**(DECLARATION OF PETER M. HART CONCURRENTLY FILED HEREWITH)** |

1
**STIPULATION AND [PROPOSED] ORDER TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF LABOR CODE § 227.3 AND DEFENDANT (CV 10-00516 MHP)**

OHS West:260988380.1

1  KENNETH H. YOON (State Bar No. 198443)
   kyoon@yoon-law.com
2  LINDA WHITEHEAD (State Bar No. 222799)
   lwhitehead@yoon-law.com
3  **LAW OFFICES OF KENNETH H. YOON**
   One Wilshire Boulevard, Suite 2200
4  Los Angeles, California 90017-3383
   Telephone: (213) 612-0988
5  Facsimile: (213) 947-1211

6  Attorneys for Plaintiff Anthony Villa

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**STIPULATION AND [PROPOSED] ORDER TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF LABOR CODE § 227.3 AND DEFENDANT (CV 10-00516 MHP)**

OHS West:260988380.1

1

**STIPULATION**

2       Plaintiff Anthony Villa ("Plaintiff") and Defendant Tyco Electronics Corporation

3 ("Defendant"), stipulate and agree as follows:

4       WHEREAS, Plaintiff filed the Class Action Complaint in this matter on December 24,

5 2009, wherein Plaintiff alleged causes of action against Defendant, including (1) violation of

6 California Labor Code § 227.3; (2) violation of California Labor Code § 226.7; (3) failure to pay

7 overtime wages; (4) failure to pay final wages pursuant to California Labor Code §§ 201-204; (5)

8 violation of California Labor Code § 226; (6) violation of Labor Code § 2802; and (7) unfair business

9 practices in violation of California Business and Professions Code § 17200 *et seq*.;

10      WHEREAS, the parties, through their counsel of record, have met and conferred

11 regarding the dismissal of the cause of action for violation of California Labor Code § 227.3 (the

12 "Vacation Claim"), and Plaintiff believes it is proper to dismiss the Vacation Claim only;

13      WHEREAS, the parties, through their counsel of record, have met and conferred

14 regarding the dismissal of defendant Tyco Electronics (US) Inc., erroneously sued as Tyco

15 International (US) Inc., and based upon Defendant's representation that Tyco Electronics Corporation

16 was the true employer of Plaintiff and the putative class members, Plaintiff believes it is proper to

17 dismiss  Tyco Electronics (US) Inc., erroneously sued as Tyco International (US) Inc., from this

18 lawsuit;

19      WHEREAS, a copy of the First Amended Complaint is attached as Exhibits "A" and

20 "B" (in red-line) to this stipulation setting forth the complaint as so modified and Defendant agrees to

21 allow the First Amended Complaint to be deemed filed as of the date of an Order upon this stipulation;

22      WHEREAS, in this lawsuit there has been no notice to the putative class of the lawsuit,

23 no certification of a class, and no other mailings to putative class members, there would not be an

24 issue of putative class members relying on this lawsuit;

25      WHEREAS, the dismissal of the Vacation Claim will not prejudice the rights and

26 remedies of any of the putative class members;

27      WHEREAS, neither Plaintiff nor Plaintiff's counsel have received any consideration

28

3

**STIPULATION AND [PROPOSED] ORDER TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF LABOR CODE § 227.3 AND DEFENDANT (CV 10-00516 MHP)**

1    for the dismissal of the Vacation Claim;

2            WHEREAS, the dismissal of Tyco Electronics (US) Inc., erroneously sued as Tyco

3    International (US) Inc., will not prejudice the rights and remedies of any of the putative class

4    members;

5            WHEREAS, neither Plaintiff nor Plaintiff's counsel have received any consideration

6    for the dismissal of Tyco Electronics (US) Inc., erroneously sued as Tyco International (US) Inc.

7            IT IS HEREBY STIPULATED by the parties herein, through their counsel of record,

8    as follows:

9            1.      Pursuant to FED. R. CIV. P. 23(e), Plaintiff dismisses the Vacation Claim

10   against Defendant with prejudice as to his own claim and without prejudice as to the claims of any

11   putative class member.  Plaintiff will continue to pursue the remaining causes of action as set forth in

12   the First Amended Complaint as a putative class action;

13           2.      Plaintiff dismisses Tyco Electronics (US) Inc., erroneously sued as Tyco

14   International (US) Inc., without prejudice from the above-entitled matter.

15           3.      Plaintiff and Defendant shall bear their own costs and attorneys' fees in

16   connection with the dismissal of the Vacation Claim and allegations, and in connection with the

17   dismissal of defendant Tyco Electronics (US) Inc., erroneously sued as Tyco International (US) Inc.

18   This provision is the only agreement between the parties made in connection with this request for

19   dismissal of the Vacation Claim class allegations.

20           4.      The First Amended Complaint attached as Exhibit "A" shall be deemed filed

21   and served as of the date of this Order.

22           5.      Defendant's previously filed answer shall be deemed the response to the First

23   Amended Complaint.

24   DATED:        September 14, 2010              LAW OFFICES OF PETER M. HART

25

26                                       By:    _____/s/_____
                                                    Peter M. Hart
27                                           Attorney for Plaintiff, ANTHONY VILLA

28
                                              4
     **STIPULATION AND [PROPOSED] ORDER TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR**
     **VIOLATION OF LABOR CODE § 227.3 AND DEFENDANT (CV 10-00516 MHP)**

DATED:        September 14, 2010                    ORRICK HERRINGTON & SUTCLIFFE LLP


                                                    By:        _____/s/_____
                                                               Andrew R. Livingston
                                                    Attorneys for Defendants, TYCO ELECTRONICS
                                                    CORPORATION and TYCO ELECTRONICS (US) INC


                          **[PROPOSED] ORDER**

        Pursuant to the parties' stipulation, the Court orders as follows:

              1.      Pursuant to FED. R. CIV. P. 23(e), Plaintiff's Vacation Claim against

Defendant is dismissed with prejudice as to Plaintiff and without prejudice as to any putative class

member;

              2.      Defendant Tyco Electronics (US) Inc., erroneously sued as Tyco International

(US) Inc., is dismissed without prejudice from the above-entitled matter.

              3.      Plaintiff and Defendant shall bear their own costs and attorneys' fees in

connection with the dismissal of the Vacation Claim and allegations, and in connection with the

dismissal of defendant Tyco Electronics (US) Inc., erroneously sued as Tyco International (US) Inc.;

              4.      The First Amended Complaint attached as Exhibit "A" shall be deemed filed

and served as of the date of this Order.

              5.      Defendant's previously filed answer shall be deemed the response to the First

Amended Complaint.


              IT IS SO ORDERED


DATED:    __ 9/17/2010 _____



Judge Marilyn H. Patel

**STIPULATION AND [PROPOSED] ORDER TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR
VIOLATION OF LABOR CODE § 227.3 AND DEFENDANT (CV 10-00516 MHP)**

OHS West:260988380.1

EXHIBIT A

PETER M. HART (State Bar No. 198691)
hartpeter@msn.com
KIMBERLY A. WESTMORELAND (State Bar No. 237919)
kwestmoreland.loph@gmail.com
MELISSA COYLE (State Bar No. 232775)
mcoyle.loph@gmail.com
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441


KENNETH H. YOON (State Bar No. 198443)
LINDA WHITEHEAD (State Bar No. 222799)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

Attorneys for Plaintiff Anthony Villa

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VILLA, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>TYCO ELECTRONICS CORPORATION, a corporation;  and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: **CV 10-00516 MHP**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) VIOLATION OF LABOR CODE § 226.7;**<br><br>**(2) FAILURE TO PAY OVERTIME WAGES;**<br><br>**(3)  FAILURE TO PAY FINAL WAGES PURSUANT TO § 201-204;**<br><br>**(4) VIOLATION OF LABOR CODE § 226;**<br><br>**(5) VIOLATION OF LABOR CODE § 2802.;** |

1

**(6) UNFAIR BUSINESS PRACTICES**
**(Violation of California Business &**
**Professions Code §17200 *et seq.*).**

**DEMAND FOR JURY TRIAL**

Plaintiff Anthony Villa (hereinafter referred to as "Plaintiff"), hereby submits his First Amended Complaint against Defendant Tyco Electronics Corporation and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and others similarly situated current and former employees of DEFENDANTS for meal and rest period wages owed, overtime wages owed, unreimbursed business-related expenses, late payment of wages, waiting time penalties, and for failure to keep accurate records, as follows:

## INTRODUCTION

1.      This action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 1194, 1194.2, 2802 *et seq.* and California Business and Professions Code § 17200, *et seq.*, (Unfair Practices Act).

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3.      Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide meal periods, failing to pay rest period premiums, failure to pay all overtime wages due, failing to pay wages in a timely fashion, including at the end of employment, and failure to keep proper payroll records.

4.      Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining

2

policies, practices and customs that: (a) fail to pay all final wages in a timely fashion; (b) fail to pay proper overtime wages, (c) fail to pay all meal period and rest period wages owed, (d) fail to keep proper records pursuant to <u>Labor Code</u> § 226, and (e) fail to reimburse all work-related expenses pursuant to <u>Labor Code</u> § 2802.

5.      The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and Professions Code</u>.

<u>**JURISDICTION AND VENUE**</u>

6.      The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-204, 226, 226.7, 1194, 1194.2, 2802 and California <u>Business and Professions Code</u> § 17200, *et seq*., (Unfair Practices Act).

7.      Venue is proper because the DEFENDANTS do business in the State of California and in the County this action was filed in.  DEFENDANT Tyco Electronics Corporation's  principal place of business in California is in this county.

<u>**PARTIES**</u>

8.      Plaintiff ANTHONY VILLA was employed by DEFENDANTS as a non-exempt employee until December 22, 2008.  During Plaintiff's employment with DEFENDANTS, Plaintiff worked overtime (i.e., more than 8 hours in a workday and/or 40 hours in a workweek) without being paid the proper amount of overtime pay.  DEFENDANTS did not pay Plaintiff all meal period wages and rest period wages when owed and did not provide meal periods or rest periods in compliance with California law.  DEFENDANTS did not pay Plaintiff his final wages at the end of his employment in compliance with California law.  DEFENDANTS did not keep accurate records of Plaintiff's hours worked, rates of pay, wages earned, net wages, and other records as required, and did not reimburse Plaintiff for all work-related expenses.  Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed her by California <u>Labor Code</u> §§

3

201-204, 226, 226.7, 1194, 1194.2, 2802, and California <u>Business and Professions Code</u> §17200, *et seq.*, (Unfair Practices Act).

**9.**     Plaintiff is informed and believes and based thereon alleges Defendant Tyco Electronics Corporation, a Pennsylvania corporation, does business in the State of California and across the United States, providing commercial and retail products and services, including in San Mateo County, California.

**10.**     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

**11.**     As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California <u>Labor Code</u> §§ 201-204, 226, 226.7, 1194, 1194.2, 2802 and California <u>Business and Professions Code</u> § 17200, *et seq.*, (Unfair Practices Act).

**12.**     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**13.**     At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

15.     At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.     At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ALLEGATIONS

17.     **Definition:**  The named individual Plaintiff brings this action on behalf of herself and other similarly situated persons pursuant to California Code of Civil Procedure § 382.  The Classes consists of:

(1)     All past and current non-exempt employees of DEFENDANTS employed in California from December 24, 2005 through the present who were provided wage statements,

(2)     All past and current employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from December 24, 2005 through the present, who worked more than 8 hours in a

**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**(CV 10-00516 MHP)**

workday and/or more than 40 hours in a workweek,

(3)     All past and current employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from December 24, 2005 through the present, who were paid overtime wages,

(4)     All past and current non-exempt employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from December 24, 2005 through the present, who worked shifts of more than 6 hours,

(5)     All past employees of DEFENDANTS employed in California from December 24, 2005 through the present who, from DEFENDANTS records, received any form of wages beyond the date they were terminated by DEFENDANTS,

(6)     All past employees of DEFENDANTS employed in California from December 24, 2005 through the present who, from DEFENDANTS records, received any form of wages beyond 72 hours from the date they were terminated by DEFENDANTS.

**18.     Numerosity:**  The members of the class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that (a) non-exempt class members regularly were denied payment of all overtime wages due, (b) class members were not paid all meal and rest period wages earned and were not provided meal and rest periods in violation of Labor Code § 226.7, (c) class members were not paid all wages in a timely fashion based on DEFENDANTS own records, including all wages at the end of employment based on Defendants' own records, (d) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226, and (e) class members were not reimbursed for all work-related expenses in violation of California Labor Code § 2802.

19.     **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20.     DEFENDANTS uniformly administered a corporate policy, practice and/or United of not paying members of the class all overtime and commission wages earned, and uniformly paid their employees wages late.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

21.     In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in violation of California Labor Code §§ 201 and 202, *et seq*., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, 1194, and 1194.2.  Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS.  Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

23.     As a pattern and practice and matter of corporate policy, in violation of the aforementioned labor laws, DEFENDANTS committed unfair practices based on the claims alleged in the preceding paragraph.

**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**(CV 10-00516 MHP)**

24. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether: (a) class members regularly were not provided meal periods and/or rest periods in compliance with California law and whether meal periods were properly recorded, (b) class members regularly were denied payment of all overtime wages due, (c) DEFENDANTS did not pay all wages in a timely fashion under California law, (d) DEFENDANTS did not maintain accurate records of class members in violation of California <u>Labor Code</u> § 226, (e) whether all work-related expenses were reimbursed to class members, and (g) whether meal and rest periods can be combined.

25. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a members of the classes and has suffered the harms alleged violations of California <u>Labor Code</u> §§ 201-204, 226, 226.7, 1194, 1194.2, and 2802.

26. The California <u>Labor Code</u> and upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their

**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(CV 10-00516 MHP)**

careers at subsequent employment.

28.   The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29.   Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid commission, overtime wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, 226.7, & 1194, 1194.2, 2802 and Code of Civil Procedure § 1021.5.

30.   Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

31.   The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(CV 10-00516 MHP)**

**FIRST CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 226.7 WITH RESPECT TO MEAL AND REST PERIODS**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**32.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set for herein.

**33.**     At all times relevant herein, DEFENDANTS were required to provide meal periods and rest periods in compliance with California <u>Labor Code</u> § 226.7.

**34.**     As a pattern and practice, DEFENDANTS regularly denied Plaintiff and class members meal periods and rest periods and regularly failed to provide meal periods and rest periods as a matter of policy, practice, and procedure.  As a uniform pattern and practice, DEFENDANTS combined meal and rest periods improperly into one set amount of unpaid time.  As a uniform pattern and practice, DEFENDANTS did not properly give rest periods by not providing sufficient paid rest period time.

**35.**     As a pattern and practice, DEFENANTS regularly staffed their locations, facilities, offices, service force, and sales force in a way that did not allow their employees to take mandated meals or have their meal periods be provided to them.  As a pattern and practice, DEEFENDANTS regularly failed to schedule meal periods and failed to record the beginning and end of meal periods.

**36.**     The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of DEFENDANTS.

**37.**     Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees proper compensation for all meal period wages earned.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all commission wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.

Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**38.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of commission wages owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 218.5, *et seq*.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

**39.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set for herein.

**40.** At all times relevant herein, DEFENDANTS were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California Labor Code § 1194. Plaintiff was employed by DEFENDANTS as a non-exempt employee entitled to overtime wages. During Plaintiff's employment with Defendants, Plaintiff worked overtime hours, specifically, Plaintiff worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay.

**41.** As a pattern and practice, DEFENDANTS failed to include all paid non-discretionary commissions/bonuses and other incentive pay into the regular rate when calculating and paying Plaintiff and DEFENDANTS' other non-exempt California employees proper overtime compensation for daily and weekly overtime hours worked at the appropriate overtime rate.

**42.** Further, because of DEFENDANTS' systemic payroll processes that required Plaintiff, and the class, to wait more than the allowable amount of time under Labor Code § 204 to receive their earned wages, Plaintiff and the class were not paid all of their overtime pay upon termination of employment, and accordingly are owed overtime wages.

**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (CV 10-00516 MHP)**

43.     Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California <u>Labor Code</u> § 1194 and California Industrial Welfare Commission wage order(s). DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the class for overtime compensation earned as required by California law.

44.     The conduct of DEFENDANTS and their agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

45.     Plaintiff is informed and believes and based thereon alleges that DEFENDANTS willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay.  Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

46.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California <u>Labor Code</u> § 1194, *et seq*.

## <u>THIRD CAUSE OF ACTION</u>

### VIOLATION OF <u>LABOR CODE</u> §§ 201-204

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

47.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set for herein.

48.     At all times relevant herein, DEFENDANTS were required to pay their

12

employees all wages owed in a timely fashion during and at the end of their employment pursuant to California <u>Labor Code</u> §§ 201 to 204.

49.    As a pattern and practice, DEFENDANTS routinely required Plaintiff, and the class, to wait more than the allowable amount of time under <u>Labor Code</u> § 204 to receive his earned wages.

50.    As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages pursuant to <u>Labor Code</u> §§ 201 to 204 and accordingly owe waiting time penalties pursuant to <u>Labor Code</u> § 203.

51.    The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS.

52.    Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

## <u>FOURTH CAUSE OF ACTION</u>

### FOR VIOLATION OF <u>LABOR CODE</u> § 226 REGARDING RECORD KEEPING
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

53.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set for herein.

54.    DEFENDANTS failed in their affirmative obligation to keep <u>accurate</u> payroll records of their California employees.  DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of <u>Labor Code</u> § 226.

55.    For example, as a matter of policy and practice, among the violations of <u>Labor Code</u> § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members hours worked, rates of pay, rates of overtime pay (as a result of DEFENDANTS' failure to

calculate the proper rate of overtime pay), net wages earned, daily or weekly overtime pay, commissions earned, pay periods in which wages were earned, pay periods in which wages were earned and paid, and who failed to state the name of the legal entity who is the employer.

56.     As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep <u>accurate</u> records regarding the wages earned in pay periods of their California employees.

57.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to <u>Labor Code</u> § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California <u>Labor Code</u> § 226.

58.     DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with <u>Labor Code</u> § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**FIFTH CAUSE OF ACTION**

**FOR VIOLATIONS OF <u>LABOR CODE</u> § 2802 *ET SEQ*.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

59.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as though fully set for herein.

60.     Pursuant to <u>Labor Code</u> § 2802, Plaintiff and employees similarly situated as him seek recovery of all reasonable work-related expenses that they have incurred.

61.     Pursuant to <u>Labor Code</u> § 2802 employees are entitled to be reimbursed for all work-related expenses.  Plaintiff alleges that he and members of the class similarly situated as him were not reimbursed for all work-related expenses.

62.     Plaintiff alleges that Defendants have a corporate practice that fails to reimburse their current and former employees for all work-related expenses, including but not limited to mileage, uniforms, training meetings.

63.     Plaintiff seeks for himself and members of the class all work-related expenses, and for costs, interest and attorneys' fees allowed.

**SIXTH CAUSE OF ACTION**

**FOR VIOLATIONS OF <u>BUSINESS AND PROFESSIONS CODE</u> § 17200 *ET SEQ.***

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

64.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as though fully set for herein.

65.     DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not compensating employees for all overtime hours worked, (b) not compensating employees for all meal period and rest period wages earned, (c) failing to reimburse all business-related expenses.

66.     DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

67.     Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

68.     Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the

1    unfair business practices complained of herein.

2    **69.**    The acts complained of herein occurred within the last four years preceding the

3    filing of the complaint in this action.

4    **70.**    Plaintiff is informed and believes and on that basis allege that at all times herein

5    mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices,

6    as proscribed by California <u>Business and Professions Code</u> § 17200 *et seq*., including those set

7    forth herein above thereby depriving Plaintiff and other members of the class the minimum

8    working condition standards and conditions due to them under the California laws and Industrial

9    Welfare Commission wage orders as specifically described therein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this

suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as the representative of the Classes;

3. For an order appointing Counsel for Plaintiff as class counsel;

4. Upon the First Cause of Action, for all meal wages owed and for waiting time penalties according to proof pursuant to California <u>Labor Code</u> § 203;

5. Upon the Second Cause of Action, for all overtime wages owed and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

6. Upon the Third Cause of Action, for waiting time penalties according to proof pursuant to California <u>Labor Code</u> § 203

7. Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California <u>Labor Code</u> § 226, and for costs and attorney's fees;

8. Upon the Fifth Cause of Action, for damages and reimbursements pursuant to statute as set forth in California <u>Labor Code</u> § 2802 and for costs and attorney's fees;

9. Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by

means of any acts or practices declared by this Court to be in violation of <u>Business and Professions Code</u> § 17200 *et seq.*, for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

10. On all causes of action for attorneys fees, interest, and costs as provided by California <u>Labor Code</u> §§ 218.5, 218.6, 226, 1194, 1194.2, 2698 *et seq.* and <u>Code of Civil Procedure</u> § 1021.5 and for such other and further relief the Court may deem just and proper.

**Dated:  September 14, 2010**          **LAW OFFICES OF PETER M. HART**

**By:  _____/s/_____**
                                                     **Peter M. Hart, Esq.**
                                                     **Attorney for Plaintiff Villa and the class**

**DEMAND FOR JURY TRIAL**

              Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

**DATED:  September 14, 2010**          **LAW OFFICES OF PETER M. HART**

**By:  _____/s/_____**
                                                     **Peter M. Hart, Esq.**
                                                     **Attorney for Plaintiff Villa and the class**

17

EXHIBIT B

PETER M. HART (State Bar No. 198691)
hartpeter@msn.com
KIMBERLY A. WESTMORELAND (State Bar No. 237919)
kwestmoreland.loph@gmail.com
MELISSA COYLE (State Bar No. 232775)
mcoyle.loph@gmail.com
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

KENNETH H. YOON (State Bar No. 198443)
LINDA WHITEHEAD (State Bar No. 222799)
MELISSA COYLE (State Bar No. 232775)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

Attorneys for Plaintiff Anthony Villa

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO**

| | |
|---|---|
| ANTHONY VILLA, as an individual and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TYCO ELECTRONICS CORPORATION, a corporation; TYCO INTERNATIONAL (US) INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: **CV 10-00516 MHP**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) VIOLATION OF LABOR CODE § 227.3;**<br><br>**(2) VIOLATION OF LABOR CODE § 226.7;**<br><br>**(23) FAILURE TO PAY OVERTIME WAGES;**<br><br>**(34) FAILURE TO PAY FINAL WAGES** |

1

PURSUANT TO § 201-204;

(4<u>5</u>) VIOLATION OF LABOR CODE §
226;

(5<u>6</u>) VIOLATION OF LABOR CODE §
2802.;

(6<u>7</u>) UNFAIR BUSINESS PRACTICES
(Violation of California Business &
Professions Code §17200 *et seq.*).

DEMAND FOR JURY TRIAL

Plaintiff Anthony Villa (hereinafter referred to as "Plaintiff"), hereby submits his <u>First</u> <u>Amended</u> Complaint against Defendant~~s~~ Tyco Electronics Corporation ~~and Tyco International~~ ~~(US) Inc.~~ and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and others similarly situated current and former employees of DEFENDANTS for meal and rest period wages owed, ~~vacation wages owed,~~ overtime wages owed, unreimbursed business-related expenses, late payment of wages, waiting time penalties, and for failure to keep accurate records, as follows:

<u>**INTRODUCTION**</u>

1.      This action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 201-204, 226, 226.7, ~~227.3,~~ 1194, 1194.2, 2802 *et seq.* and California <u>Business and Professions Code</u> § 17200, *et seq.*, (Unfair Practices Act).

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u> and <u>Business and Professions Code</u> against employees of DEFENDANTS.

3.      Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide meal periods, failing to pay rest period

2

premiums, failure to pay all overtime wages due, failing to pay wages in a timely fashion, including at the end of employment, ~~failure to pay vacation wages (including, but not limited to, paid time off, floating holiday, and/or personal days, and hereafter referring to all such days)~~ and failure to keep proper payroll records.

4.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and applicable IWC wage orders by creating and maintaining policies, practices and customs that: (a) fail to pay all final wages in a timely fashion; (b) fail to pay proper overtime wages, (c) fail to pay all meal period and rest period wages owed, (d) ~~fail to pay all vested and unused vacation wages at the end of employment, (e)~~ fail to keep proper records pursuant to <u>Labor Code</u> § 226, and (<u>e</u>f) fail to reimburse all work-related expenses pursuant to <u>Labor Code</u> § 2802.

5.     The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and Professions Code</u>.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-204, 226, 226.7, ~~227.3,~~ 1194, 1194.2, 2802 and California <u>Business and Professions Code</u> § 17200, *et seq.*, (Unfair Practices Act).

7.     Venue is proper because the DEFENDANTS do business in the State of California and in the County this action was filed in.  DEFENDANT <u>Tyco Electronics Corporation's</u> ~~Tyco International (US) Inc.'s~~ principal place of business in California is in this county.

## PARTIES

8.     Plaintiff ANTHONY VILLA was employed by DEFENDANTS as a non-exempt employee until December 22, 2008.  During Plaintiff's employment with DEFENDANTS,

1   Plaintiff worked overtime (i.e., more than 8 hours in a workday and/or 40 hours in a workweek)

2   without being paid the proper amount of overtime pay.  DEFENDANTS did not pay Plaintiff all

3   meal period wages and rest period wages when owed and did not provide meal periods or rest

4   periods in compliance with California law.  ~~Additionally, DEFENDANTS did not pay Plaintiff~~

5   ~~all of his vested and unused vacation wages (including personal time and "pto" time) at the end~~

6   ~~of his employment and still have not paid these wages.~~  DEFENDANTS did not pay Plaintiff his

7   final wages at the end of his employment in compliance with California law.  DEFENDANTS

8   did not keep accurate records of Plaintiff's hours worked, rates of pay, wages earned, net wages,

9   and other records as required, and did not reimburse Plaintiff for all work-related expenses.

10  Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS

11  complained of in this action in ways that have deprived him of the rights guaranteed her by

12  California Labor Code §§ 201-204, 226, 226.7, ~~227.3,~~ 1194, 1194.2, 2802, and California

13  Business and Professions Code §17200, *et seq*., (Unfair Practices Act).

14      **9.**     Plaintiff is informed and believes and based thereon alleges Defendant~~s~~ Tyco

15  Electronics Corporation, a Pennsylvania corporation, ~~and Tyco International (US) Inc. (hereafter~~

16  ~~"DEFENDANTS"), a Massachusetts corporation,~~ do_es_ business in the State of California and

17  across the United States, providing commercial and retail products and services, including in San

18  Mateo County, California.

20      **10.**    Plaintiff is informed and believes and thereon alleges that at all times herein

21  mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business

22  entities, individuals, and partnerships, licensed to do business and actually doing business in the

23  State of California.

24      **11.**    As such, and based upon all the facts and circumstances incident to

25  DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code

26  §§ 201-204, 226, 226.7, ~~227.3,~~ 1194, 1194.2, 2802 and California Business and Professions

27  Code § 17200, *et seq*., (Unfair Practices Act).

28      **12.**    Plaintiff does not know the true names or capacities, whether individual, partner

4

or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.   At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.   Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

15.   At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.   At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of

1  them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in

2  proximately causing the damages as herein alleged.

3  <u>**CLASS ALLEGATIONS**</u>

4  **17.    Definition:** The named individual Plaintiff brings this action on behalf of herself

5  and other similarly situated persons pursuant to California <u>Code of Civil Procedure</u> § 382.  The

6  Classes consists of:

7          (1)    All past and current non-exempt employees of DEFENDANTS

8  employed in California from December 24, 2005 through the present who were

9  provided wage statements,

10         (2)    All past employees of DEFENDANTS who were employed in

11  California from December 24, 2005 through the present who, from

12  DEFENDANTS records, were not paid all unused vested vacation wages,

13  including, but not limited to, vacation pay, paid time off pay, personal time pay,

14  and/or floating holiday pay, at the end of their employment,

15         (3)    All past and current employees of DEFENDANTS, classified by

16  DEFENDANTS as non-exempt employees and employed in California from

17  December 24, 2005 through the present, who worked more than 8 hours in a

18  workday and/or more than 40 hours in a workweek,

19

20         (34)    All past and current employees of DEFENDANTS, classified by

21  DEFENDANTS as non-exempt employees and employed in California from

22  December 24, 2005 through the present, who were paid overtime wages,

23         (45)    All past and current non-exempt employees of DEFENDANTS,

24  classified by DEFENDANTS as non-exempt employees and employed in

25  California from December 24, 2005 through the present, who worked shifts of

26  more than 6 hours,

27         (56)    All past employees of DEFENDANTS employed in California

28  from December 24, 2005 through the present who, from DEFENDANTS records,

received any form of wages beyond the date they were terminated by

DEFENDANTS,

(67)     All past employees of DEFENDANTS employed in California

from December 24, 2005 through the present who, from DEFENDANTS records,

received any form of wages beyond 72 hours from the date they were terminated

by DEFENDANTS.

18.     **Numerosity:**  The members of the class are so numerous that joinder of all

members would be impractical, if not impossible.  The identity of the members of the class is

readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff

is informed and believes and based thereon alleges that (a) non-exempt class members regularly

were denied payment of all overtime wages due, (b) class members were not paid all meal and

rest period wages earned and were not provided meal and rest periods in violation of Labor Code

§ 226.7, (c) ~~Defendants violated Labor Code § 227.3 by failing to pay out all unused vested~~

~~vacation wage to employees at the end of their employment, (d)~~ class members were not paid all

wages in a timely fashion based on DEFENDANTS own records, including all wages at the end

of employment based on Defendants' own records, (de) DEFENDANTS did not maintain

accurate records pursuant to California Labor Code § 226, and (ef) class members were not

reimbursed for all work-related expenses in violation of California Labor Code § 2802.

19.     **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all

necessary steps to represent fairly and adequately the interests of the class defined above.

Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and

individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class

actions in the past and currently have a number of wage-and-hour class actions pending in

California courts.

20.     DEFENDANTS uniformly administered a corporate policy, practice and/or

United of not paying members of the class all overtime and commission wages earned, ~~and~~

~~violated Labor Code § 227.3 with respect to their employees~~ and uniformly paid their employees

7

wages late. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

21.     In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in violation of California Labor Code §§ 201 and 202, *et seq*., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, ~~227.3,~~ 1194, and 1194.2. Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

23.     As a pattern and practice and matter of corporate policy, in violation of the aforementioned labor laws, DEFENDANTS committed unfair practices based on the claims alleged in the preceding paragraph.

24.     **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether: (a) class members regularly were not provided meal periods and/or rest periods in compliance with California law and whether meal periods were properly recorded, (b) class members regularly were denied payment of all overtime wages due, (c) DEFENDANTS did not pay all wages in a timely fashion under California law, (d) ~~Defendants violated Labor Code § 227.3 by failing to pay all vested vacation wages at the end of employment, (e)~~ DEFENDANTS did not maintain accurate records of class members in violation of California

Labor Code § 226, (ef) whether all work-related expenses were reimbursed to class members, and (g) whether meal and rest periods can be combined.

25.     **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the class.  Plaintiff is a members of the classes and has suffered the harms alleged violations of California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, and 2802.

26.     The California Labor Code and upon which Plaintiff bases his claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27.     The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

28.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or

9

impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid commission, overtime ~~and vacation~~ wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California <u>Labor Code</u> §§ 218.5, 218.6, 226, 226.7, ~~227.3,~~ & 1194, 1194.2, 2802 and <u>Code of Civil Procedure</u> § 1021.5.

30.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

31.     The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### ~~VIOLATION OF LABOR CODE § 227.3 ET SEQ.~~
### ~~(AGAINST ALL DEFENDANTS BY PLAINTIFF)~~

~~32.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set for herein.~~

~~33.     This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages of their employees.~~

~~34.     Plaintiff had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or~~

10

---

1  ~~floating holiday pay) that were not paid out to her in a timely fashion at the end of her~~

2  ~~employment in violation of Labor Code § 227.3.~~

3  ~~**35.**   As a matter of uniform corporate policy and procedure and practices~~

4  ~~DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiff and members of the class~~

5  ~~all vested vacation wages at the end of their employment.  The uniform policy of not paying~~

6  ~~Plaintiff and members of the class all vested vacation wages at the end of their employment~~

7  ~~caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.~~

8  ~~**36.**   The conduct of DEFENDANTS and their agents and employees as described~~

9  ~~herein was willful and was done in conscious disregard of Plaintiff's and class members' rights,~~

10 ~~and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of~~

11 ~~pay, under Labor Code § 203, as penalties for Plaintiff and each former employee of~~

12 ~~DEFENDANTS who were not paid out all vested vacation wages.~~

13 ~~**37.**   Such a pattern, practice and uniform administration of corporate policy regarding~~

14 ~~illegal employee compensation as described herein is unlawful and creates an entitlement to~~

15 ~~recovery by Plaintiff in a civil action for damages and wages owed and for costs and attorney's~~

16 ~~fees.~~

17

18                       ~~**SECOND CAUSE OF ACTION**~~

19          **VIOLATION OF <u>LABOR CODE</u> § 226.7 WITH RESPECT TO MEAL AND REST**

20                                  **PERIODS**

21                   **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

22          ~~38.~~32.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 3~~7~~1 as

23 though fully set for herein.

24          ~~39.~~33.   At all times relevant herein, DEFENDANTS were required to provide meal

25 periods and rest periods in compliance with California <u>Labor Code</u> § 226.7.

26          ~~40.~~34.   As a pattern and practice, DEFENDANTS regularly denied Plaintiff and class

27 members meal periods and rest periods and regularly failed to provide meal periods and rest

28 periods as a matter of policy, practice, and procedure.  As a uniform pattern and practice,

---

11

DEFENDANTS combined meal and rest periods improperly into one set amount of unpaid time. As a uniform pattern and practice, DEFENDANTS did not properly give rest periods by not providing sufficient paid rest period time.

41.35.    As a pattern and practice, DEFENANTS regularly staffed their locations, facilities, offices, service force, and sales force in a way that did not allow their employees to take mandated meals or have their meal periods be provided to them.  As a pattern and practice, DEEFENDANTS regularly failed to schedule meal periods and failed to record the beginning and end of meal periods.

42.36.    The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of DEFENDANTS.

43.37.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees proper compensation for all meal period wages earned.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all commission wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

44.38.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of commission wages owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 218.5, *et seq*.

### THIRD SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

45.39.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 38

as though fully set for herein.

46.40.    At all times relevant herein, DEFENDANTS were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California Labor Code § 1194.  Plaintiff was employed by DEFENDANTS as a non-exempt employee entitled to overtime wages.  During Plaintiff's employment with Defendants, Plaintiff worked overtime hours, specifically, Plaintiff worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay.

47.41.    As a pattern and practice, DEFENDANTS failed to include all paid non-discretionary commissions/bonuses and other incentive pay into the regular rate when calculating and paying Plaintiff and DEFENDANTS' other non-exempt California employees proper overtime compensation for daily and weekly overtime hours worked at the appropriate overtime rate.

48.42.  Further, because of DEFENDANTS' systemic payroll processes that required Plaintiff, and the class, to wait more than the allowable amount of time under Labor Code § 204 to receive their earned wages, Plaintiff and the class were not paid all of their overtime pay upon termination of employment, and accordingly are owed overtime wages.

49.43.  Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code § 1194 and California Industrial Welfare Commission wage order(s). DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the class for overtime compensation earned as required by California law.

50.44.    The conduct of DEFENDANTS and their agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

51.45.    Plaintiff is informed and believes and based thereon alleges that

13

DEFENDANTS willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay.  Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

~~52.~~46.  Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California <u>Labor Code</u> § 1194, *et seq.*

### ~~FOURTH~~ THIRD CAUSE OF ACTION

### VIOLATION OF <u>LABOR CODE</u> §§ 201-204

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

~~53.~~47.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46~~52~~ as though fully set for herein.

~~54.~~48.   At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion during and at the end of their employment pursuant to California <u>Labor Code</u> §§ 201 to 204.

~~55.~~49.  As a pattern and practice, DEFENDANTS routinely required Plaintiff, and the class, to wait more than the allowable amount of time under <u>Labor Code</u> § 204 to receive his earned wages.

~~56.~~50.  As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages pursuant to <u>Labor Code</u> §§ 201 to 204 and accordingly owe waiting time penalties pursuant to <u>Labor Code</u> § 203.

~~57.~~51.   The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done

14

by managerial employees of DEFENDANTS.

58.52.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS'
willful failure to pay wages due and owing them upon separation from employment results in a
continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore,
Plaintiff and class members who have separated from employment are entitled to compensation
pursuant to Labor Code § 203.

**FOURTH~~FIFTH~~ CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

59.53.            Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58
52 as though fully set for herein.

60.54.    DEFENDANTS failed in their affirmative obligation to keep accurate payroll
records of their California employees.  DEFENDANTS, as a matter of policy and practice, did
not maintain accurate records in violation of Labor Code § 226.

61.55.    For example, as a matter of policy and practice, among the violations of Labor
Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members
hours worked, rates of pay, rates of overtime pay (as a result of DEFENDANTS' failure to
calculate the proper rate of overtime pay), net wages earned, daily or weekly overtime pay,
commissions earned ~~and/or vacation earned~~, pay periods in which wages were earned, pay
periods in which wages were earned and paid, and who failed to state the name of the legal entity
who is the employer.

62.56.    As a matter of uniform policy and practice, DEFENDANTS failed in their
affirmative obligation to keep accurate records regarding the wages earned in pay periods of their
California employees.

63.57.            Such a pattern, practice and uniform administration of corporate policy as
described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class
identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code §

15

---

226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California <u>Labor Code</u> § 226.

~~64.~~<u>58.</u>     DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with <u>Labor Code</u> § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### ~~SIXTH~~ <u>FIFTH</u> CAUSE OF ACTION

### FOR VIOLATIONS OF <u>LABOR CODE</u> § 2802 *ET SEQ*.

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

~~65.~~<u>59.</u>     Plaintiff re-alleges and incorporates by reference paragraphs 1 through ~~64~~ <u>58</u> as though fully set for herein.

~~66.~~<u>60.</u>     Pursuant to <u>Labor Code</u> § 2802, Plaintiff and employees similarly situated as him seek recovery of all reasonable work-related expenses that they have incurred.

~~67.~~<u>61.</u>     Pursuant to <u>Labor Code</u> § 2802 employees are entitled to be reimbursed for all work-related expenses.  Plaintiff alleges that he and members of the class similarly situated as him were not reimbursed for all work-related expenses.

~~68.~~<u>62.</u>     Plaintiff alleges that Defendants have a corporate practice that fails to reimburse their current and former employees for all work-related expenses, including but not limited to mileage, uniforms, training meetings.

~~69.~~<u>63.</u>     Plaintiff seeks for himself and members of the class all work-related expenses, and for costs, interest and attorneys' fees allowed.

16

## ~~SEVENTH~~SIXTH CAUSE OF ACTION

## FOR VIOLATIONS OF <u>BUSINESS AND PROFESSIONS CODE</u> § 17200 *ET SEQ.*

## (AGAINST ALL DEFENDANTS BY PLAINTIFF)

~~70.~~64.          Plaintiff re-alleges and incorporates by reference paragraphs 1 through 6~~39~~ as though fully set for herein.

~~71.~~65.          DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not compensating employees for all overtime hours worked, (b) not compensating employees for all meal period and rest period wages earned, (c) ~~forfeiting earned and unused vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay), and (d)~~ failing to reimburse all business-related expenses.

~~72.~~66.          DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

~~73.~~67.          Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

~~74.~~68.          Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

~~75.~~69.          The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

~~76.~~70.          Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California <u>Business and Professions Code</u> § 17200 *et seq*., including

those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as the representative of the Classes;

3. For an order appointing Counsel for Plaintiff as class counsel;

4. ~~Upon the First Cause of Action, for all vacation wages owed (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay), and for waiting time penalties according to proof pursuant to California Labor Code § 203;~~

~~5.~~4. ~~Upon the Second Cause of Action,~~ all meal wages owed and for waiting time penalties according to proof pursuant to California Labor Code § 203;

~~6.~~5. Upon the ~~Third~~ Second Cause of Action, for all overtime wages owed and for waiting time wages according to proof pursuant to California Labor Code § 203;

~~7.~~6. Upon the Third ~~Fourth~~ Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203

~~8.~~7. Upon the ~~Fifth~~ Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

~~9.~~8. Upon the ~~Sixth~~ Fifth Cause of Action, for damages and reimbursements pursuant to statute as set forth in California Labor Code § 2802 and for costs and attorney's fees;

~~10.~~9. Upon the Sixth~~Seventh~~ Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*., for an injunction to prohibit

DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

11.10.    On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, 1194, 1194.2, 2698 *et seq.* and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

**Dated:  September 8, 2010                    LAW OFFICES OF PETER M. HART**


**By: _____**
**Peter M. Hart, Esq.**
**Attorney for Plaintiff Villa and the class**

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

**DATED:  September 8, 2010                    LAW OFFICES OF PETER M. HART**


**By: _____**
**Peter M. Hart, Esq.**
**Attorney for Plaintiff Villa and the class**

**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (CV 10-00516 MHP)**