UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VILLA, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TYCO ELECTRONICS CORPORATION, a corporation; TYCO INTERNATIONAL (US) INC., a corporation; and DOES 1 through 50 inclusive,<br><br>    Defendants.<br>_____/ | No. C 10-00516 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendant Tyco Electronics Motion for Summary Judgment or, in the alternative, Partial Summary Judgment** |

      Anthony Villa ("plaintiff") filed suit against defendants Tyco Electronics Corporation and Tyco International Corporation (collectively "defendant") alleging various violations of the California Labor Code and derivative violations of California Business and Professions Code section 17200. Now before the court is defendant's motion for summary judgment, or in the alternative, partial summary judgment. Having considered the parties' submissions, the court enters the following memorandum and order granting defendant's motion in its entirety, dismissing with prejudice plaintiff's action and dismissing without prejudice the action of the putative class.

BACKGROUND

Unless otherwise noted, the following facts are taken from the Joint Statement of Undisputed Facts. Docket No. 38. Plaintiff Anthony Villa was briefly employed by defendant Tyco Electronics as a non-exempt Electrician III at defendant's Menlo Park facility. Plaintiff's employment with defendant began on October 20, 2008. Defendant terminated plaintiff's employment with defendant on December 23, 2008. During the entire course of plaintiff's short term of employment, he worked the day shift (from 6:00 a.m. to 2:30 p.m.) in a group of seven electricians. Plaintiff's rate of pay was $22.00 per hour, and he was not eligible for bonuses, commissions, or other incentive pay. As plaintiff was in an initial training period for the entire term of his employment, he always worked the day shift and was not eligible to earn a shift-differential. During the course of plaintiff's employment, defendant's overtime policy was to pay time-and-a-half for hours worked between eight and twelve hours in a workday, and double-time for all hours worked in excess of twelve in a workday. Docket No. 29 (Ryan Dec.), Exh. A (Deposition of Anthony Villa ( "Villa Dep.")) at 112:18-22. Plaintiff testified that he could not identify any hours worked for which he was not paid. *Id.* at 208:11-13. Plaintiff further testified that he had no reason to question the accuracy of his pay stubs. *Id.* at 208:11-13, 211:24-212:10. Plaintiff also testified that he did not incur any work-related expenses which defendant did not pay for. *Id.* at 167:18-21.

Employees in plaintiff's department were scheduled for a morning rest break from 9:00 a.m. to 9:15 a.m., and a combined lunch and afternoon rest break from 11:50 a.m. to 12:30 p.m. The morning rest break was paid and ten minutes of the combined lunch and afternoon rest break was paid, the portion from 12:20 p.m. to 12:30 p.m. *Id.* at 120:18-25, 121:18-23. Plaintiff testified that he took breaks in accord with this schedule and never missed a meal or rest break. *Id.* at 116:4-10, 163:12-15, 217:18-22. Plaintiff and other employees were free to take their breaks at different times, and plaintiff was never instructed to not take his breaks. *Id.* at 122:4-8.

Plaintiff's employment with defendant officially terminated on December 23, 2008 though his last day of actual work was the day before. On that day, December 22, 2008, defendant sent via Fed-Ex two checks to plaintiff, to cover plaintiff's final wages. Docket No. 35 (Siegfried Dec.) ¶ 5.

2

The checks for plaintiff's final wages arrived two days later, on December 24, 2008. Docket No. 31 (Ferrara Dec.) ¶ 5.

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the proceedings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving party's allegations. *Id.*; *see also Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 959-60 (9th Cir. 1994). The court may not make credibility determinations and inferences drawn from the facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255; *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991).

DISCUSSION

I.   Motion Timing

Plaintiff requests that the motion should be denied as premature or, in the alternative, requests that this court grant a continuance to allow plaintiff to conduct further discovery. Plaintiff argues that this motion is premature because he has not had the opportunity to conduct discovery on matters relevant to his claims and class allegations against defendant. However, plaintiff has served

3

written discovery, including document requests and interrogatories, on defendant. Defendant's responses have been forthcoming, and defendant has provided plaintiff with sufficient discovery to allow plaintiff to obtain information necessary to press his claims. This court finds that the parties have conducted sufficient discovery to allow the court to consider this motion for summary judgment.

In the alternative, plaintiff seeks a stay of this motion to permit further discovery including depositions of defendants Federal Rule of Civil Procedure 30(b)(6) witnesses and various specified employees of defendant, including plaintiff's former supervisors, the human resources manager for plaintiff's former unit, defendant's accounting associate, and defendant's payroll manager. Plaintiff asserts that he requires depositions of these witnesses in order to identify further facts necessary to investigate his claims and oppose defendant's motion for summary judgment.

The court may continue a summary judgment hearing pursuant to Federal Rule of Civil Procedure 56(d) to permit further discovery. The party requesting a continuance must "identify by affidavit the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment." *Tatum v. City and County of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). However, a continuance is inappropriate where further discovery would be futile.

To prevail in his request for a continuance, plaintiff would have to identify specific facts which further discovery would reveal and which would generate a disputed issue of material fact. Plaintiff fails to meet this requirement as he has not identified facts which would overcome the admissions made by plaintiff at his deposition. Plaintiff's request for additional discovery, while identifying the facts sought generally and largely in reference to putative class claims, does not identify how further discovery regarding the practices of defendant will preclude summary judgment because the plaintiff has admitted sufficient facts to allow for summary judgment in favor of defendant. *See Tatum*, 441 F.3d at 1100; *California v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998). The court finds that depositions of the identified employees of defendant are not required to resolve the summary judgment motion and declines plaintiff's Rule 56(f) request for a continuance to permit further discovery.

4

II.     Meal and Rest Breaks

Plaintiff's first cause of action in the First Amended Complaint alleges violations of California Labor Code section 226.7 (all references are to the California Labor Code unless otherwise noted) pertaining to meal and rest break periods. Docket No. 36 (First Amended Complaint ("FAC")) at ¶¶ 34, 35, 37. Plaintiff alleges that defendant deprived him of his required meal and rest breaks by combining meal and rest breaks into a single period of time. Plaintiff further contends that defendant deprived him of meal and rest breaks by staffing its facilities in a manner that did not allow him to take meal breaks as required. Plaintiff also argues that defendant failed to provide sufficient paid rest periods. Plaintiff further alleges that defendant failed to schedule meal breaks and failed to record the beginning and end of meal breaks. Plaintiff seeks to recover wages allegedly owed for the meal periods and waiting time penalties under section 203.

Plaintiff's own deposition testimony, however, contradicts the allegations in the FAC, and indicates that there were no violations of section 226.7 pertaining to defendant's provision of meal and rest breaks. Plaintiff testified that he never missed a meal or rest break. Villa Dep. at 217:18-22. Plaintiff testified that the morning breaks were at least ten minutes, lasting from 9:00 a.m to 9:10 a.m., and were paid. *Id.* at 116:8-10. Plaintiff testified that the lunch-time meal break was combined with the afternoon rest break which together lasted from 11:50 a.m. to 12:30 p.m. *Id.* at 116:4-7. Plaintiff's claim regarding defendant's alleged failure to schedule meal and rest breaks is thus conceded by his testimony. Further, section 226.7 only requires employers to provide the required scheduled breaks, not to record the beginning and end of meal periods. Cal. Lab. Code § 226.7. According to his testimony, plaintiff was provided the required breaks, and those breaks were provided according to the schedule laid out above, with one ten-minute paid rest break per four hours worked, and an additional thirty-minute unpaid meal period after five hours of work. Plaintiff thus cannot prevail on his claims that defendant failed to provide sufficient rest breaks, prevented employees from taking meal breaks, and failed to schedule and record meal and rest breaks.

Plaintiff's allegation that the meal and afternoon rest breaks were improperly combined into one unpaid break also fails, as plaintiff testified that ten minutes of the forty minutes was paid as the

5

afternoon rest break and that the remaining thirty minutes was the unpaid meal break. *Id.* at 120:18-25, 121:18-23. This comports with section 226.7, which requires that a ten-minute meal break be provided after five hours of work, but does not require that the break not be combined with any other breaks. Cal. Lab. Code § 226.7; Cal. Code Regs. tit. 8, § 11040, §§ 11(A), 12(A) (California Industrial Wage Commission Order No. 4-2001). Plaintiff confirmed that he did not recall any missed rest or meal breaks and that he was never instructed to not take one of the required breaks. *Id.* at 206:4-207:18, 217:18-22. Plaintiff's testimony establishes that defendant did not deny him any required meal or rest breaks. Plaintiff thus fails to present evidence sufficient to create a dispute of material fact and defendant is entitled to judgment on these claims.

Plaintiff further contends in his Opposition Brief that the offered breaks were improperly timed, arguing that the thirty-minute meal break must be offered within the first five hours of work and not after the five hours have been worked. Docket No. 37 (Opp.) at 8. This court declines to consider this argument, as plaintiff is bound by the allegations in his FAC, and cannot rely on new theories to avoid summary judgment. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000). In addition, this claim is foreclosed by plaintiff's deposition, wherein he conceded that he was given all breaks to which he was entitled. *Id.* at 163:12-15, 217:18-22. Accordingly, the court finds that plaintiff cannot prevail on his claims regarding meal and rest breaks required under section 226.7 and associated waiting-time periods under section 203.

III.   Overtime Pay

Plaintiff's second cause of action alleges various overtime pay-related claims against defendant under section 1194. FAC ¶ 41-43, 45. Plaintiff specifically alleges that defendant failed to pay all overtime wages for overtime hours worked, that defendant failed to include non-discretionary bonuses, commissions, and other incentive pay in the regular pay rate when calculating overtime pay, and that defendant failed to pay all overtime wages owed upon termination of plaintiff's employment. Plaintiff seeks the owed overtime wages and waiting time penalties under section 203.

Plaintiff testified that defendant's overtime pay schedule was time-and-a-half for hours worked beyond eight hours in a day but less than twelve hours, and double-time for hours worked beyond twelve hours. Villa Dep. at 112:18-23. Plaintiff testified that he could not identify any hours worked for defendant for which he was not paid. *Id.* at 208:11-13. Plaintiff further testified that he had no reason to question the accuracy of his timecards or his pay stubs. *Id.* at 211:24-212:10, 219:10-221:16. The court finds that plaintiff cannot prevail on his claim for unpaid overtime wages in light of these admissions. This also forecloses any claim for overtime wages left unpaid after plaintiff's termination and any claim for waiting time penalties under section 203.

Defendant proffered evidence that plaintiff was not entitled to any non-discretionary bonuses, commissions, or other incentive pay as a non-exempt employee. Doc. 34 (Pereira Dec.) ¶ 8. Plaintiff has produced no evidence disputing this fact. The court finds that plaintiff cannot prove his claim that defendant failed to include incentive pay in the regular pay rate used when calculating the overtime pay rate.

In opposition, plaintiff departs from his original claims and instead for the first time argues that defendant failed to compensate plaintiff for the time spent donning and doffing his uniform. Opp. at 11. The court declines to consider this argument, as plaintiff is bound by the allegations in his FAC, and cannot rely on new theories to avoid summary judgment. *Coleman*, 232 F.3d at 1292-93. Even if the court was to entertain this newly-raised theory, plaintiff testified that he was paid for the time spent doffing his uniform, as he stated that he swiped out of his shift after changing into his regular clothes and that he was paid for all hours he worked for the defendant. Villa Dep. at 195:14-196:14, 208:11-13. Accordingly, the plaintiff cannot prevail on any of his overtime pay related claims under section 1194 and related waiting time penalties under section 203.

IV.  Timeliness of Wage Payments

Plaintiff asserts that defendant failed to pay regular wages owed to plaintiff in a timely fashion, as required by section 204 which provides that wages are payable to existing employees twice per calendar month. FAC ¶¶ 48-50, 52. Plaintiff also contends that defendant failed to pay

7

plaintiff's final wages in a timely fashion as required by section 201. Plaintiff seeks these allegedly owed wages and also associated waiting time penalties under section 203.

Defendant offers evidence that all regular wages were paid biweekly on Fridays, or the prior preceding business day if the Friday was a holiday. Docket No. 32 (Goodhart Dec.) ¶ 4. This comports with the schedule required by section 204. Plaintiff offers no evidence to the contrary. The court finds that plaintiff cannot establish a violation of section 204 relating to the timeliness of regular wage payments.

Section 203 provides that an employer who "willfully" fails to immediately pay the wages of an employee who is terminated, as required by section 201, is subject to a penalty of up to 30 days of the terminated employee's wages. Cal. Lab. Code § 203. It is undisputed that defendant's check to plaintiff for his final wages arrived one day after his official termination date of December 23, 2008. However, defendant offered evidence that it made a reasonable effort to pay plaintiff's final wages in a timely manner by placing the two final checks with Fed-Ex on December 22, 2008 for delivery via "Fed-Ex Priority Overnight" on December 23, 2008. Siegfried Dec. ¶ 5. The checks were not delivered until December 24, 2008 due to inclement weather experienced by Fed-Ex. Ferrara Dec. ¶ 5. Plaintiff offers no evidence that this one-day delay in the arrival of plaintiff's final wages was due to any willful action by defendant. Accordingly, plaintiff's claim that his final wages were paid in a timely fashion fails, thereby precluding any waiting time penalties under section 203 as well.

In opposition, plaintiff contends that his final wages were not paid in a timely fashion because the final wages did not include payment for wages allegedly owed for time spent donning and doffing his uniform. As discussed above, plaintiff cannot prevail on this claim, and thus no additional wages were owed at the time of termination for time spent donning and doffing his uniform.

VI.   Business Expense Reimbursement

Section 2802 requires employers to reimburse their employees for all work-related expenses incurred in connection with the performance of their duties. FAC ¶¶ 60-62. Plaintiff contends that

8

1 defendant failed to reimburse him for all work-related expenses he incurred in connection with the
2 performance of his duties. Specifically, plaintiff contends that defendant failed to reimburse plaintiff
3 for the cost of uniforms, training meetings, mileage and tools.

4 Plaintiff testified, however, that defendant paid for all work-related expenses incurred as an
5 employee for defendant. Villa Dep. at 167:18-21. The court finds that this admission in plaintiff's
6 testimony concedes all work-related expense reimbursement claims for alleged violations of section
7 2802.

## VI. Payroll Record Keeping

Plaintiff contends that defendant violated section 226 by failing to keep accurate payroll records. FAC ¶¶ 54-57. Section 226 requires employers to maintain accurate pay records and to provide employees with itemized wage statements, reflecting, among other things, total hours worked, gross and net wages, deductions, the dates for which those wages were earned, the employee's name and identification number, the name and address of the legal entity that is the employer and all hourly rates applicable to the employee and the number of hours worked at each rate. Cal. Lab. Code § 226(a). Plaintiff asserts that defendant failed to comply with section 226 by failing to record and pay for meal and rest break premiums, meal breaks, and time spent donning and doffing uniforms; and by failing to reimburse plaintiff for work related expenses. Plaintiff also contends that section 226 requires the defendant to record the start and end of meal breaks and that defendant failed to meet this requirement.

Plaintiff's claims regarding the recording of allegedly unpaid meal and rest break premiums and for unpaid time spent donning and doffing uniforms fail because as stated above, plaintiff testified that he was paid wages owed for those time periods and thus defendant has not violated section 226 with respect to those claims. The court also finds that plaintiff cannot sustain a claim for a section 226 violation for failing to record meal breaks, as section 226 does not require meal breaks to be recorded by employers. Cal. Lab. Code § 226. Further, plaintiff testified that he took a paid thirty minute lunch break daily and defendant offered evidence that this break was included in the

9

timecard system. Villa Dep. at 120:18-25, 121:18-23, 217:18-22; Pereira Dec. ¶ 14. Thus, plaintiff presents no evidence that defendant's records were inaccurate with regard to meal breaks.

Plaintiff's contention that defendant violated section 226 by failing to record work-related reimbursements also fails. Section 226 does not require employers to record work-related reimbursements. Further, as discussed above, plaintiff cannot prevail on his claims regarding work-related reimbursements. Accordingly, the court finds that plaintiff cannot prevail on his claim asserting violations of section 226 by defendant.

## VII. Unfair Business Practices

Plaintiff's claim for violations of California Business and Professions Code section 17200 is derivative of his claims for Labor Code violations. FAC ¶ 65, 70. As the court dismisses all of plaintiff's claims for Labor Code violations, the derivative claim for unfair business practices in violation of Business and Professions Code section 17200 is also dismissed.

## VIII. Putative Class Claims

Standing is a threshold jurisdiction requirement and requires that the plaintiff allege (1) that he has suffered an injury in fact, (2) that the injury is fairly traceable to the action of the defendant, and (3) that the injury will likely be redressed with a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). This threshold requirement to establish standing applies to class representative plaintiffs in class actions. *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

Having dismissed each of plaintiff's individual claims, the court finds that plaintiff cannot meet the requirement to show actual injury as a result of defendant's actions alleged in his complaint. Plaintiff thus lacks standing to pursue any claims on behalf of the putative class, and the claims of the putative class members are dismissed without prejudice. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

CONCLUSION

Defendant's motion for summary judgment is GRANTED in its entirety. The individual claims of plaintiff are DISMISSED WITH PREJUDICE. The claims of the putative class members are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 7, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California